**THOMAS, Will of In Re.**

Ohio Appeals, Second District, Franklin County.

No. 4162.   Decided June 8, 1948.

Herbert & Dombey, Edwin M. Tuttle, Columbus, for appellant.
John H. Summers, Columbus, for Harry B. Holmes, Trustee.
Wright, Harlor, Purpus, Morris & Arnold, Morris of Counsel, Columbus, for Ray G. Thomas, Clara J. Mann, Millie K. Lester and Margaret Cassidy, Appellees.

## OPINION

By THE COURT.

This is a motion submitted by Harry B. Holmes, Trustee, and Ray G. Thomas, Clara J. Maan, Millie K. Lester and Margaret Cassidy, legatees and remaindermen, appellees, for an order to dismiss the appeal herein for the reason that the order appealed from is not a final order. In the event the foregoing motion should be overruled, these appellees move for an order dismissing said appeal on questions of law and fact and the retaining of the same on questions of law only. The order appealed from is an order of the Probate Court which makes findings and allowances to Harry B. Holmes for services for the year 1947 as a fiduciary and general manager for the trust's main business and also findings and allowances to certain others for services to the trust.

The record discloses that no notice of the hearing on the application was served on any of the beneficiaries under the trust. Sec. 10501-56 GC affords an appeal from any final order of the Probate Court on a question of law "in the manner and within the time provided by law for the prosecution of appeals from the Common Pleas Court."

Sec. 12223-3 GC provides for the review of "every final order, judgment or decree of a court * * * unless otherwise provided by law."

A final order is defined in §12223-2 GC as:

"An order affecting a substantial right in an action when in effect it determines the action and prevents a judgment, or

an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment * * *."

After quoting the above definition of a final order, the Court of Appeals for Hamilton County in **Ryan v. Kroger Grocery and Baking Company, 56 Oh Ap 469,** said:

"* * *, this court's jurisdiction is limited to reviewing such orders of the Common Pleas Court as finally determine the rights of the parties in action in so far at least as the pending proceeding is concerned. This court affirms, reviews or modifies such orders depending upon the state of the record. The constitution does not contemplate that the court will entertain an appeal to decide a moot, abstract or academic dispute. The order that is a sufficient predicate for an appeal must relate to the real issue or dispute between the parties, not merely to a collateral issue raised in the course of the proceeding. * * *

The distinction between an interlocutory order, from which no appeal may be taken, and a judgment or final order, from which an appeal may be taken, is clearly stated in 2 American Jurisprudence, 860, et seq. At page 862 it is said: 'In other words, a final judgment is one which operates to divest some rights in such a manner as to put it beyond the power of the court making the order to place the parties in their original condition after the expiration of the term; that is, it must put the case out of court and must be final in all matters within the pleadings.' "

Upon analyzing the Appellate Procedure Act it will be seen that while the Legislature has empowered the Courts of Appeal to review every final order, judgment or decree, it has not empowered the Appellate Court to review interlocutory orders. It is the whole cause that is appealed. No provision is made for a partial appeal and a remand to the trial court upon determination of the specific question or issue. The order under consideration was neither an order determining an action and preventing judgment, nor an order in a special proceeding. The Probate Code provides a right of review in the Probate Court. **Sec. 10506-38' GC** requires that the trustee file an account of his expenditures to which exceptions are authorized. **Sec. 10506-39 GC** then provides for the hearing on the account and the exceptions. Only after the Probate Court has thus passed on the account under favor of §10506-38

and 39 GC is there finality and a determination of the subject under consideration.

The order was no more special than any other order the Probate Court is authorized to make under authority of the Probate Code. The order fixing the compensation for the services of the others is of the same character as that making allowance to Harry B. Holmes.

In the case of **In re Estate of Hamilton, 67 Oh Ap 242,** in discussing what constitutes a final order, Judge Guernsey said at page 246:

"It must be presumed that the words 'order, decision or judgment', as used in the last quoted clause in §10501-56 GC, as amended, in connection with the subject matter, and, it not being expressly otherwise provided, comprehend only such orders, decisions and judgments as are final in their nature. This interpretation of these words as used is in accord with the long established practice in Ohio under which only orders final in their nature are reviewable, and it must be presumed that if the Legislature had intended to change this practice and make interlocutory orders the subject of review it would have unequivocally so stated."

In the case of **Equitable Securities Company v. MacDonald, et al., 14 Oh Ap 56,** the Court of Appeals of Franklin County said:

"A final order or judgment under the statute is one disposing of the whole case or some separate and distinct branch thereof. Jurisdiction of the Appellate Court is now provided by **Section 6, Article IV of the Constitution,** which gives jurisdiction to review 'judgments' of a Court of Common Pleas, etc. * * *

The general policy of the law is opposed to separate reviews upon interlocutory orders. This is not only a policy of Ohio, but seems to be a general policy throughout the American states. A contrary policy would undoubtedly tend greatly to prolong litigation."

A decree or order which leaves further proceedings necessary before the rights of the parties can be determined is an interlocutory order and not a final order. **Towner v. Wells, 8 Ohio, 136; Kelley v. Stanbery, 13 Ohio, 408; Teaff v. Hewitt, 1 Oh St 511;** and **Heater Company v. Stove Company, 41 Oh St 287.**

We are therefore of the opinion that the order appealed from is an interlocutory order and not a final order.

The second branch of the motion is in the alternative form, and therefore requires no further consideration.

The motion to dismiss is sustained.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.