HARKAI, Appellee,

v.

SCHERBA INDUSTRIES, INC., Appellant.

[Cite as *Harkai v. Scherba Industries, Inc.* (2000), 136 Ohio App.3d 211.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 2925–M.

Decided April 26, 2000.

*Frank R. Osborne,* for appellee.

*Mark F. Kruse* and *Robert R. Kracht,* for appellant.

*Per Curiam.*

Appellant Scherba Industries, Inc. appeals from an order of the Medina Common Pleas Court that "affirmed" a magistrate's decision after objections had been filed by the parties pursuant to Civ.R. 53(E)(4)(b). We dismiss this case for lack of jurisdiction.

On July 6, 1998, a magistrate's decision with findings of fact and conclusions of law was journalized in the court of common pleas. That decision found that the covenant not to compete in appellee Dennis Harkai's employment agreement with appellant was unreasonable and should be modified to restrict competition for eighteen months, a shorter period of time than that stated in the agreement. The magistrate also directed Harkai's counsel to prepare a journal entry. The parties filed objections, and on September 23, 1998, the trial court journalized an order, which it captioned "Judgment Entry" and which affirmed the magistrate's decision.

This court does not have jurisdiction to review this case because the trial court has failed to enter a "judgment or final order" that disposes of the issues before the court. Section 3(B)(2), Article IV of the Ohio Constitution provides that

"[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals." The September 23, 1998 order is not a "judgment or final order" pursuant to the Ohio Revised Code, the Ohio Rules of Civil Procedure, and judicial determinations that define our jurisdiction under the Ohio Constitution.

Our jurisdictional analysis in this case begins with an examination of the definition of "judgments or final orders." R.C. 2505.02(B)(1)[1] states: "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." Civ.R. 54(A) defines a "judgment" as "any order from which an appeal lies as provided in section 2505.02 of the Revised Code." For the purposes of determining our jurisdiction, therefore, "judgment" and "final order" are the same.

R.C. 2505.02 is considered a "legislative restatement" of the judiciary's definition of a final order. *Cincinnati Gas & Elec. Co. v. Pope* (1978), 54 Ohio St.2d 12, 16, 8 O.O.3d 7, 9, 374 N.E.2d 406, 409; *Klein v. Bendix–Westinghouse Automotive Air Brake Co.* (1968), 13 Ohio St.2d 85, 86–87, 42 O.O.2d 283, 284, 234 N.E.2d 587, 589.

The Ohio Supreme Court has elaborated upon the statutory definition:

"For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio* (1989), 46 Ohio St.3d 147, 153, 545 N.E.2d 1260, 1267.

The courts have similarly described a "judgment": "A judgment is the final determination of a court of competent jurisdiction upon matters submitted to it." *State ex rel. Curran v. Brookes* (1943), 142 Ohio St. 107, 26 O.O. 287, 50 N.E.2d 995, paragraph two of the syllabus. "A final judgment is one which determines the merits of the case and makes an end to it." *Id.* at 110, 26 O.O. at 288, 50 N.E.2d at 998.

"A final judgment is one which operates to divest some right in such a manner as to put it beyond the power of the court making the order to place the parties in their original condition after the expiration of the term; that is, it must put the case out of court and must be final in all matters within the pleadings." *In re*

---

1. We do not discuss the other subsections of R.C. 2505.02 because they are not applicable to the instant case; in any appeal, however, an appellate court must determine, before it exercises jurisdiction, that the order is "final" under one of the subsections of that statute.

*Estate of Castrovince* (Aug. 16, 1996), Portage App. No. 96–P–0175, unreported, 1996 WL 1056815, citing *In re Thomas' Will* (1948), 84 Ohio App. 30, 39 O.O. 46, 84 N.E.2d 294. Regardless of whether an order is characterized as a "final order" or "judgment," the result is the same: if the order is final, the timely filing of a notice of appeal will divest the trial court of jurisdiction to alter the order.[2] See, e.g., *Yee v. Erie Cty. Sheriff's Dept.* (1990), 51 Ohio St.3d 43, 44, 553 N.E.2d 1354, 1355; *In re Kurtzhalz* (1943), 141 Ohio St. 432, 25 O.O. 574, 48 N.E.2d 657, paragraph two of the syllabus.

That is not to say that a trial court cannot change its judgment. All judgments are potentially voidable, either by the trial court itself or by an appellate court. *Eisenberg v. Peyton* (1978), 56 Ohio App.2d 144, 151, 10 O.O.3d 158, 163, 381 N.E.2d 1136, 1141; *Walker v. Walker* (Aug. 5, 1987), Summit App. No. 12978, unreported, 1987 WL 15591. Rules of procedure, however, limit the avenues through which a party may petition the trial court to change its own judgment. *In re Guardianship of Maurer* (1995), 108 Ohio App.3d 354, 357, 670 N.E.2d 1030, 1032; *Cale Products, Inc. v. Orrville Bronze & Aluminum Co.* (1982), 8 Ohio App.3d 375, 8 OBR 489, 457 N.E.2d 854, paragraph one of the syllabus. For example, a party may file a Civ.R. 50(B) motion for judgment notwithstanding the verdict, Civ.R. 53(E)(4)(c) objections after entry of judgment, or a Civ.R. 59 motion for new trial.[3] Nevertheless, if a notice of appeal has been filed, the trial court will not have jurisdiction to rule on the motion absent a remand from the appellate court. See *Ford v. Tandy Transp., Inc.* (1993), 86 Ohio App.3d 364, 383–384, 620 N.E.2d 996, 1009.

The foregoing definitions stress that the primary function of a final order or judgment is the termination of a case or controversy that the parties have submitted to the trial court for resolution. This court must look to the language employed in the purported judgment entry to ascertain whether the trial court's entry accomplishes that result. See *Peters v. Arbaugh* (1976), 50 Ohio App.2d 30, 32–33, 4 O.O.3d 17, 18–19, 361 N.E.2d 531, 533. One fundamental principle in the interpretation of judgments is that, to terminate the matter, the order must contain a statement of the relief that is being afforded the parties.[4] See, e.g., *Reiter v. Reiter* (May 11, 1999), Hancock App. No. 5–98–32,

---

2. If the order does not terminate the entire case, but only a distinct claim thereof, it must also contain an express certification pursuant to Civ.R. 54(B) in order to be immediately appealable. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381, syllabus.

3. When a party properly files a motion or objection pursuant to those rules, the time for filing a notice of appeal is tolled until the trial court addresses the party's motion or objections. App.R. 4(B).

4. See Section 11604, General Code, replaced by identical language in former R.C. 2323.22, which provided: "All judgments and orders must * * * *specify clearly the relief granted or*

unreported, 1999 WL 378354; *Pace v. Pace* (Oct. 8, 1996), Gallia App. No. 95 CA 17, unreported, 1996 WL 595846; *Martin v. Martin* (June 24, 1994), Portage App. No. 93–P–0065, unreported, 1994 WL 315667; *Walker v. Walker* (Aug. 5, 1987), Summit App. No. 12978, unreported, 1987 WL 15591; *Gaines v. Gaines* (Apr. 8, 1980), Greene App. No. 1109, unreported.

In *Walker,* this court explained:

"[T]he content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case. If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court."

The characteristics of a judgment were similarly described in *In re Michael* (1991), 71 Ohio App.3d 727, 730, 595 N.E.2d 397, 399, quoting *Lavelle v. Cox* (Mar. 15, 1991), Trumbull App. No. 90–T–4396, unreported, 1991 WL 35642, (Ford, J., concurring) as follows:

" 'It is fundamental that the trial court employ diction which should include * * * operative, action-like and conclusionary verbiage * * *. Obviously, it is not necessary for such directive to be encyclopedic in character, but it should contain clear language to provide basic notice of rights, duties, and obligations.' "

If the trial court intends to terminate the dispute between the parties, it must issue an entry that includes the "prescription for action" in the case. *Walker, supra.*

■ Moreover, a "judgment" must be distinguished from a "decision." See Sup.R. 7(A); Civ.R. 58(A); *William Cherry Trust v. Hofmann* (1985), 22 Ohio App.3d 100, 104, 22 OBR 288, 292, 489 N.E.2d 832, 835. Indeed, pursuant to Civ.R. 54(A), a judgment "shall *not* contain a recital of pleadings, the magistrate's decision in a referred matter, or the record of prior proceedings." These matters are properly placed in the "decision." A decision announces what the judgment will be. The judgment entry unequivocally orders the relief. See *St. Vincent Charity Hosp. v. Mintz* (1987), 33 Ohio St.3d 121, 123, 515 N.E.2d 917, 919.

Having discussed the "judgment or final order" element necessary to our jurisdiction under the Ohio Constitution, we now discuss the limitation on our jurisdiction to judgments or final orders of "courts of record." An order is not an

---

*order made in the action."* (Emphasis added.) Although R.C. 2323.22 was repealed by the adoption of the Civil Rules and the Civil Rules do not explicitly require a statement of the relief, the principle has continued viability.

order of a court of record unless certain formalities have been met. For example, a purported civil judgment must comply with Civ.R. 58(A), which states:

"[U]pon a general verdict of a jury, upon a decision announced, or upon the determination of a periodic payment plan, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal. A judgment is effective only when entered by the clerk upon the journal."

Only through compliance with Civ.R. 58(A) can an appellate court be certain that the order reflects judicial action. See *Peters v. Arbaugh,* 50 Ohio App.2d at 35–36, 4 O.O.3d at 20–21, 361 N.E.2d at 534–535 (Whiteside, J., concurring). Moreover, compliance with Civ.R. 58(A) also ensures that the matter has been terminated. "Absent such entry, a 'judgment' that is merely pronounced is inchoate only. 'Though possessing the character of potentiality, it lacks the character of actuality, and hence is without probative force.' " *Horner v. Toledo Hosp.* (1993), 94 Ohio App.3d 282, 289, 640 N.E.2d 857, 862, quoting *Coe v. Erb* (1898), 59 Ohio St. 259, 263, 52 N.E. 640, 641.

The procedure prescribed by Civ.R. 53 fits neatly into this analysis. That rule permits the use of magistrates to assist courts in their judicial functions:

"It is the primary duty of the court, and not the referee, to act as a judicial officer. Indeed, the court must approve the referee's report and enter it upon its own record in order for that report to have any validity or binding effect. Civ. R. 53(E)(5). As was stated in the 1970 Staff Note to Civ. R. 53:

" '* * * Rule 53 contemplates that a referee *shall aid the court* in the expedition of the court's business and *not be a substitute* for the functions of the court.' (Emphasis added.)" *Normandy Place Assoc. v. Beyer* (1982), 2 Ohio St.3d 102, 105, 2 OBR 653, 655, 443 N.E.2d 161, 164.

"Civ.R. 53 places upon the court the ultimate authority and responsibility over the referee's findings and rulings. The court must undertake an independent review of the referee's report to determine any errors. * * * The findings of fact, conclusions of law, and other rulings of a referee before and during trial are all subject to the independent review of the trial judge. Thus, a referee's oversight of an issue or issues, even an entire trial, is not a substitute for the judicial functions but only an aid to them." *Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 5–6, 615 N.E.2d 617, 620.[5]

---

5. Both *Normandy Place* and *Hartt* were cases that were decided by the Ohio Supreme Court prior to the 1995 amendment to Civ.R. 53. Regardless of the impact that the amendment has upon the extent of the review that a court must undertake, it did not eliminate the requirement that the court must enter its own judgment. Civ.R. 53(E)(4)(c) requires the court, if it is adopting the magistrate's decision, to both adopt the decision *and* enter judgment.

■ Thus, only a judge, not a magistrate, may terminate a claim or action by entering judgment.

■ Whereas Civ.R. 53(C)(2) permits magistrates to enter certain interlocutory orders that "regulate [the] proceedings," Civ.R. 53(E)(1) permits a magistrate only to "prepare, sign, and file a magistrate's *decision,*" not a "judgment." See *Barker v. Barker* (1997), 118 Ohio App.3d 706, 711, 693 N.E.2d 1164, 1167. Once a magistrate's decision has been filed and served upon the parties, the trial court must then act upon the decision.[6] The parties are given the opportunity to object to the decision either before entry of judgment or within fourteen days thereafter. Although the judge entirely agrees with the decision of the magistrate, the judge must still separately enter his or her own judgment setting forth the outcome of the dispute and the remedy provided. See, *e.g., Wellborn v. K-Beck Furniture Mart, Inc.* (1977), 54 Ohio App.2d 65, 66, 8 O.O.3d 93, 94, 375 N.E.2d 61, 62; *Pace v. Pace* (Oct. 8, 1996), Gallia App. No. 95 CA 17, unreported, 1996 WL 595846. The judge is not permitted to conclude the case by simply referring to the magistrate's decision, even though it may appear more expedient to do so.

■ Once an appellate court has determined that an order is "final," it must also determine whether it is "appealable." "[A]ll final orders are not *ipso facto* appealable orders." *Cincinnati Gas & Elec. Co. v. Pope,* 54 Ohio St.2d at 16, 8 O.O.3d at 9, 374 N.E.2d at 409. The Ohio Constitution vests the Ohio Supreme Court with rule-making authority to "prescribe rules governing practice and procedure in all courts of the state." Section 5(B), Article IV, Ohio Constitution. Those rules may not "abridge, enlarge, or modify any substantive right." *Id.* See, also, *Alexander v. Buckeye Pipe Line Co.* (1977), 49 Ohio St.2d 158, 159–160, 3 O.O.3d 174, 175, 359 N.E.2d 702, 703.[7] Consistent therewith, R.C. 2505.03(C) states that "[a]n appeal of a final order, judgment, or decree of a court

---

6. The trial court has three options: (1) it "may adopt [the] magistrate's decision and enter judgment" without waiting fourteen days for objections to be filed to the decision, Civ.R. 53(E)(4)(c); or, (2) after the time period for filing objections has passed, it "may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter," Civ.R. 53(E)(4)(b); or, finally, (3) it may enter an interim order, pursuant to Civ.R. 53(E)(4)(c), that is only temporarily effective. *Brown v. Cummins* (1997), 120 Ohio App.3d 554, 555–556, 698 N.E.2d 501, 501–502.

7. In *Alexander,* the Ohio Supreme Court stated:

"[T]he effect of Civ.R. 54(B) is purely procedural. It permits both the separation of claims for purposes of appeal and the early appeal of such claims, * * * but it does not affect either the substantive right to appeal or the merits of the claims. Questions involving the joinder and separation of claims and the timing of appeals are matters of practice and procedure within the rule-making authority of this court under Section 5, Article IV of the Ohio Constitution." *Id.*

shall be governed by the Rules of Appellate Procedure." Thus, an order may be final, thereby creating a right of appeal, but, nevertheless, cannot be reviewed unless the appeal is perfected pursuant to the Appellate Rules of Procedure.

For example, App.R. 4 governs when a notice of appeal may be filed. App.R. 4(B)(5) provides that an order filed under Civ.R. 54(B) shall be appealed within thirty days from entry of the order. See, also, App.R. 4(A). Civ.R. 54(B) provides that a final order that disposes of fewer than all of the claims against all of the parties is not appealable unless the trial court certifies that there is "no just reason for delay." Unless the trial court so certifies, a court of appeals cannot yet exercise jurisdiction despite the finality of the order. See *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 89–90, 541 N.E.2d 64, 67–68. Conversely, although interlocutory orders are not final and, therefore, not *immediately* appealable, they may be reviewed by an appellate court after a final judgment has been entered. *DiLacqua v. DiLacqua* (1993), 88 Ohio App.3d 48, 57, 623 N.E.2d 118, 124, citing Whiteside, Ohio Appellate Practice (1991) 34–35.

The foregoing requirements are essential to this court's jurisdiction. Before this court can exercise its appellate jurisdiction to review any case, we must find that the order being appealed is (1) "final" pursuant to R.C. 2505.02, as further defined by case law; (2) issued by a "court of record;" that is, signed by the court and journalized; and (3) appealable pursuant to R.C. 2505.03 and the Appellate Rules of Procedure. When reviewing whether the order is final, we ask whether the essential functions of a judgment have been fulfilled. Does the order terminate a claim between the parties to the action? To do so, the order must contain a statement of the relief to which the parties are entitled. Does the order provide notice of the parties' rights, duties, and obligations? In this regard, the language used in the judgment must be sufficiently complete so that the parties can enforce their rights and obligations through execution on that judgment.

Although our authority to exercise jurisdiction depends upon a determination that a purported judgment meets the foregoing requirements, it is not always clear whether a particular order actually does so. The nature of the case and the type of relief granted necessarily dictates what language must be used to terminate the claim and render the order appealable. *Walker v. Walker, supra.* Every case must be determined on its own facts. *Millies v. Millies* (1976), 47 Ohio St.2d 43, 44, 1 O.O.3d 26, 27, 350 N.E.2d 675, 676.

In cases referred to a magistrate, the determination of appellate court jurisdiction is complicated by the trial court's use of form orders and boilerplate language that is intended to adopt a magistrate's decision and enter final judgment upon it simultaneously. In that situation, the appellate courts must

differentiate between those requirements that affect appellate court jurisdiction, that is, entry of a judgment setting forth relief, and those that impose procedural requirements on the trial court, such as adoption of a magistrate's decision. See, generally, *Eisenberg v. Peyton,* 56 Ohio App.2d at 148, 10 O.O.3d at 161, 381 N.E.2d at 1139.[8] In the first instance, the absence of a final order or judgment precludes appellate review. In the second instance, provided there has been a final order or judgment entered, the filing of a notice of appeal in compliance with the appellate rules vests jurisdiction in the appellate court. If the appellate court finds that noncompliance with Civ.R. 53 procedures has resulted in prejudice to the parties, the trial court's judgment is voidable, and the court of appeals shall render its judgment accordingly. See *State ex rel. Lesher v. Kainrad* (1981), 65 Ohio St.2d 68, 71, 19 O.O.3d 261, 263, 417 N.E.2d 1382, 1384; *Eisenberg,* 56 Ohio App.2d at 150–151, 10 O.O.3d at 162, 381 N.E.2d at 1141; *Walker v. Walker, supra;* See, generally, App.R. 12(B).

We turn now to the order entered by the trial court in this case. In its entirety, the order states:

"This matter came on for hearing on the 28th day of August, 1998, upon the Defendant's Objections to the Magistrate's decision filed July 6, 1998, the Supplement to Defendant's Objections, and the Plaintiff's Response thereto.

"Upon due consideration, the decision of the Magistrate is hereby AFFIRMED.

"SO ORDERED, ADJUDGED AND DECREED."

The trial court most likely intended that this entry constitute the "judgment" in the case. Indeed, it captioned the order "Judgment Entry." It is the substance of the entry, however, that must control. See *St. Vincent Charity Hosp. v. Mintz,* 33 Ohio St.3d at 123, 515 N.E.2d at 919.

As we stated in *Walker, supra:*

"What the referee does is not a judicial act. Therefore, can the judge by 'incorporating the referee's report' or by 'adopting the referee's report' raise the report to the status of a judicial act? The answer must be no. Aside from the fact that to do so would be the equivalent of allowing the referee to perform a judicial act, such incorporation or adoption of a judgment fails to meet the requirement of the certainty of judgments since it fails to disclose how the matter was resolved."

---

8. In *Eisenberg,* the court discussed the distinction between jurisdictional defects and procedural defects as it affected the trial court's jurisdiction to enter a judgment.

Other courts have agreed that a trial court order stating *only* that it is adopting a magistrate's decision does not disclose how the trial court is resolving the issues submitted to it, and, therefore, is not final. See, *e.g.*, *In re Zakov* (1995), 107 Ohio App.3d 716, 717, 669 N.E.2d 344, 344–345; *Wellborn v. K–Beck Furniture Mart, Inc.*, 54 Ohio App.2d at 66, 8 O.O.3d at 94, 375 N.E.2d at 62; *Reiter v. Reiter* (May 11, 1999), Hancock App. No. 5–98–32, unreported, 1999 WL 378354; *In re Elliott* (Mar. 5, 1998), Ross App. No. 97 CA 2313, unreported, 1998 WL 101351; *Pace v. Pace* (Oct. 8, 1996), Gallia App. No. 95 CA 17, unreported, 1996 WL 595846.[9]

In the instant case, the only effect of the purported judgment entry is to indicate that the trial court approved of the magistrate's decision. The trial court's statement that it "affirms" the magistrate's decision is not a statement of the relief ordered for the parties to remedy the dispute between them. Accordingly, this entry is not a judgment or final order from which an appeal might lie. Nor is this a post-judgment entry as contemplated by Civ.R. 53(E)(4)(c). As noted above, after a magistrate's decision has been filed and served upon the parties, the trial court need not wait to enter judgment for the time period to pass for filing objections. Civ.R. 53(E)(4)(c). The record in this case does not reveal a prior judgment entry.

▉▉ At this point, this court feels constrained to note that we have not consistently followed the reasoning set forth herein. Past decisions from this court have suggested that we do not have jurisdiction when the trial court has not explicitly stated whether it is "adopting, modifying, or vacating" a magistrate's decision or, if a prior judgment has been entered, whether it is "vacating, modifying, or adhering to its prior judgment."[10] We now retreat from that position.[11] Because the trial court's action on the magistrate's decision is not an essential element of a final order or judgment as defined by R.C. 2505.02, Civ.R. 54, Civ.R. 58, and the common law, it is not a jurisdictional prerequisite. This approach is consistent with the policy that the courts should liberally construe procedural rules to protect substantive rights and assist the parties in obtaining justice. *Maritime Mfrs., Inc. v. Hi–Skipper Marina* (1982), 70 Ohio St.2d 257,

---

9. But, see, *Christy v. Christy* (June 12, 1997), Highland App. No. 96CA902, unreported, 1997 WL 337638, also from the Fourth District, in which the court held that the failure of the trial court to enter a judgment that includes a statement of relief is in contravention of Civ.R. 53(E)(4)(c) and, pursuant to *Lesher, supra,* is voidable, but may be reviewed on appeal.

10. See, *e.g.*, *Daly v. Martin* (May 14, 1997), Medina App. No. 2599–M, unreported, 1997 WL 270528; *In re Tanner* (Dec. 15, 1999), Wayne App. Nos. 98CA0066, 98CA0067, 98CA0068, and 98CA0069, unreported, 1999 WL 1215302.

11. All members of this court have reviewed this decision and are in accord.

258–259, 24 O.O.3d 344, 345, 436 N.E.2d 1034, 1035–1036.   To the extent that our prior decisions are inconsistent with the principles set forth in this opinion, those cases are overruled and shall no longer be given persuasive effect.

This appeal is dismissed for lack of jurisdiction.   Costs to Appellant.

*Appeal dismissed.*

BAIRD, P.J., SLABY and CARR, JJ., concur.