DECISION AND JUDGMENT ENTRY
This appeal is taken from the outcome of the September 20, 2000 magistrate's hearing on the Lawrence County Child Support Enforcement Agency's "Motion to Show Cause, for Determination of Arrearage, Lump Sum Judgment and Method of Payment." Appellant's September 12, 2000 notice of appeal was filed before the magistrate's decision and the trial court's judgment were issued.
Appellate Rule 4(C) states that a "notice of appeal filed after the announcement of decision, order, or sentence but before the entry of the judgment or order that begins the running of the appeal time period is treated as filed immediately after the entry." Appellant's notice of appeal was filed prematurely, thus, this appeal is treated as if the notice of appeal had been filed immediately after the November 9, 2000 "Judgment Entry Final Appealable Order."
Initially, we must raise a threshold issue concerning whether the Court has jurisdiction to consider the merits of this appeal. Civil Rule 54(A) defines the requirements that a court's ruling must meet to constitute a "judgment." A "judgment," as that term is used in the Ohio Rules of Civil Procedure, "includes a decree and any order from which an appeal lies as provided in section 2505.02 of the Revised Code. A judgment shall not contain a recital of pleadings, the report of a referee, or the record of prior proceedings."
The November 9, 2000 judgment entry states:
 It appearing to the Court, that this case was previously before the Court and a magistrate's Decision having been filed in this matter on October 17, 2000, and upon due consideration thereof and upon the Court's independent findings, the Court finds: that there are no errors of law or other defects on the fact of the Magistrate's Decision and the Court having no objections filed thereto, IT IS THE ORDER of this court that the ATTACHED Magistrate's Decision is hereby adopted by the Court, and incorporated into this Judgment Entry as if fully rewritten herein as an Order of this Court.
In the case sub judice, the trial court's November 9th judgment adopted the October 17th magistrate's decision. However, the trial court did not enter its own separate judgment containing a clear pronouncement of its judgment in the case. Under the requirements of Civ.R. 54(A), a trial court cannot merely adopt a magistrate's decision without setting forth its own judgment. In re Michael (1991), 71 Ohio App.3d 727, 595 N.E.2d 397. A trial court's judgment entry should address all the issues submitted to the court for determination so that the parties may know the extent of their responsibilities and obligations.
 It is fundamental that the trial court employ diction which should include sufficient operative, action-like and conclusionary verbiage to satisfy the foregoing fundamental elements. Obviously, it is not necessary for such directive to be encyclopedic in character, but it should contain clear language to provide basic notice of rights, duties, and obligations.
Lavelle v. Cox (Mar. 15, 1991), Trumbull App. No. 90-T-4396 (Ford, J., concurring). The judgment entry must be worded in such a way that the parties do not need to refer to any other document to determine how their rights have been affected by the judgment. The court in Harkai v. ScherbaIndustries, Inc. (2000), 136 Ohio App.3d 211, 216, 736 N.E.2d 101,105, thoroughly analyzed the requirements that must be included in a judgment. The Harkai court explained:
 [T]he content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case. If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court.
Harkai, 136 Ohio App.3d at 216, 736 N.E.2d at 104, citing Walker v.Walker (Aug. 5, 1987), Summit App. No. 12978, unreported. In distinguishing a "judgment" from a "decision" the Harkai court stated:
 Indeed, pursuant to Civ.R. 54(A), a judgment "shall not contain a recital of pleadings, the magistrate's decision in a referred matter, or the record of prior proceedings." These matters are properly placed in the "decision." A decision announces what the judgment will be. The judgment entry unequivocally orders the relief.
Harkai, 136 Ohio App.3d at 216, 736 N.E.2d at 105. (Emphasis added in Harkai.)
Accordingly, for the foregoing reasons, and in light of the Civ.R. 54(A) separate judgment requirement, we hereby dismiss the instant appeal.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J., and Evans, J.: Concur.
 ______________________ Peter B. Abele, Judge