This cause was heard upon the record in the trial court, and the following disposition is made:
Cross-appellant, Virginia Perrine, now known as Ginger Staab ("Ginger"), appeals from an order of the Summit County Court of Common Pleas, which adopted a magistrate's decision. For the reasons that follow, we dismiss the cross-appeal for lack of a final, appealable order.
 I.
This dispute originated over four financial transactions between Dorothy Perrine and her son, Thomas Perrine, and Ginger, Thomas' former wife and Dorothy's former daughter-in-law. In September 1994, Dorothy filed a complaint against Thomas and Ginger for monies allegedly due on four promissory notes. The magistrate originally determined that all four loans had been forgiven by Dorothy, and no further balance was owed by Thomas and Ginger. The trial court adopted the magistrate's decision and entered judgment regarding the disposition of certain monies alleged to be owed to Dorothy. Dorothy appealed this decision, and Ginger cross-appealed. On appeal, this Court affirmed the decision in part, reversed in part, and remanded for further consideration concerning three of the four transactions. Specifically, this Court found that the findings regarding the second loan were inconsistent, and that the conclusion that Dorothy forgave certain loans was not supported by any evidence. See Perrine v. Perrine (Nov. 20, 1996), 9th Dist. No. 17736.
Upon remand, the matter was referred to a magistrate, who heard the matter and issued a supplemental decision. Objections to the magistrate's supplemental decision were filed, and the trial court adopted the magistrate's decision on January 30, 1998. Four months later, Dorothy filed a motion for relief from judgment pursuant to Civ.R. 60(B), which the trial court denied on July 27, 1998.
On January 19, 2000, a "motion for judgment entry nunc pro tunc" was filed, requesting that the trial court amend its entry of July 27, 1998, in order to clarify the entry as to the amount of the judgment and for whom judgment was entered. The matter was again referred to a magistrate, who issued a second supplemental decision on March 2, 2000. Objections were filed to the magistrate's second supplemental decision. The trial court ruled on the objections and entered an order on December 14, 2001. Dorothy appealed from this order, and Ginger filed a cross-appeal. We dismissed Dorothy's appeal for failure to file an appellate brief. Ginger's cross-appeal remains pending and is now before the Court.
 II.
Before reaching the merits of this cross-appeal, we must determine whether this Court has jurisdiction to review the order from which the party appeals. Section 3(B)(2), Article IV of the Ohio Constitution limits this Court's appellate jurisdiction to the review of final judgments of lower courts. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88.
Pursuant to R.C. 2505.02, "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" R.C.2505.02(B)(1).
In Harkai v. Sherba Industries, Inc. (2000), 136 Ohio App.3d 211, this Court examined the role of magistrates and the procedures the trial court must utilize when entering judgment on a magistrate's decision. We explained that "the primary function of a final order or judgment is the termination of a case or controversy that the parties have submitted to the trial court for resolution." Id. at 215. In determining whether the trial court's entry terminates a case, we look at the particular language of the entry. Id. In particular, the language of the entry must specify the relief afforded to the parties. Id.
Pursuant to Civ.R. 53, the trial court may take certain actions on a magistrate's decision. First, the trial court may adopt the decision and enter judgment without waiting for the filing of timely objections by the parties. Civ.R. 53(E)(4)(c). If the trial court chooses this option, the filing of any objections operates as an automatic stay of the trial court's judgment "until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." Civ.R. 53(E)(4)(c).
The trial court may also adopt the magistrate's decision if no objections are filed, provided that the court determines that there are no errors of law or other defects on the face of the magistrate's decision. Civ.R. 53(E)(4)(a). If objections are filed, the court "shall rule on any objection. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Civ.R. 53(E)(4)(b).
Whichever option the trial court pursues, for the order to be final and appealable, the court must independently enter the court's judgment, "setting forth the outcome of the dispute and the remedy provided."Harkai, 136 Ohio App.3d at 218.
In this case, the trial court ruled on the objections to the magistrate's decision stating, "notwithstanding the various objections filed in this matter, this Court shall adopt the Magistrate's Decision, its conclusions, findings and recommendations except where specifically excluded in this Decision, and such shall be the final entry of this Court." The order fails to independently set forth the court's judgment. Moreover, the order is unclear as to how the court resolved the issues submitted to it and as to what relief the trial court afforded the parties. Accordingly, this order, in itself, is not a final order or judgment from which an appeal might lie. See Harkai,136 Ohio App.3d at 221.
Our analysis, however, does not end here. If this order is a post-judgment entry as contemplated by Civ.R. 53(E)(4)(c), the trial court may vacate, modify, or adhere to its previous judgment, without setting forth the specific remedy and judgment anew. See Civ.R. 53(E)(4)(c);Harkai, 136 Ohio App.3d at 221. In this case, the record reveals no such action taken by the trial court. The trial court did not enter judgment prior to the filing of objections to the magistrate's decision; therefore, the order is not a post-judgment entry pursuant to Civ.R. 53(E)(4)(c), and the order is not final and appealable as required by R.C. 2505.02.
Therefore, the order from which Ginger cross-appeals is not a final determination as to the rights of the parties and is not a final, appealable order pursuant to R.C. 2505.02. Accordingly, because the order appealed and cross-appealed from is not final and appealable, this Court does not have jurisdiction to review it.
 III.
As the Cross-Appellant has failed to appeal from a final appealable order, the cross-appeal is dismissed for lack of jurisdiction.
WHITMORE, J., BATCHELDER, J. CONCUR.