OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Plaintiff-Appellant, James Reed, appeals the decision of the Jefferson County Court of Common Pleas, Juvenile Division, overruling Reed's objections to a magistrate's decision that denied his motion to change the surname of his minor child. We are asked to decide whether the trial court improperly denied his motion to change the surname of his minor child from Dayton to Reed. We conclude the trial court has not entered a final, appealable order and thus, we are forced to dismiss this appeal and remand this matter to the trial court for the issuance of a final appealable order.
 {¶ 2} Reed and Defendant-Appellee, Jaime Dayton, were an unmarried couple who were living together when Jaime became pregnant. On May 15, 2001, Jaime gave birth to their son, Zachary Dayton. Upon leaving the hospital, Jaime left her home with Reed and moved in with her parents. Reed's paternity of the child was established in an administrative proceeding. Reed had attempted to send her child support and those checks were returned to him. In addition, Reed had made some attempts to exercise his parenting time, but has not actually spent much time with the child.
 {¶ 3} Reed filed a complaint in the Jefferson County Court of Common Pleas, Juvenile Division, seeking to have the child's surname changed to Reed, to be granted parenting time, and to claim Zachary for income tax purposes. The parties entered into an agreement on all issues except for Reed's request to change the child's surname. The matter was heard by a magistrate, who awarded legal custody of the child to Jaime and denied Reed's request to change the child's surname. Reed filed his objections to the magistrate's decision which the trial court overruled and adopted the magistrate's decision.
 {¶ 4} On appeal, Reed argues one assignment of error. However, before we may address Reed's assignment of error, we must first determine whether we have subject matter jurisdiction to hear this appeal. Because we conclude the trial court has not independently disposed of the issues before it, the trial court's judgment entry is not a final appealable order. Therefore, we must dismiss this appeal and remand the matter to the trial court for further proceedings.
 {¶ 5} We have previously held an order that merely adopts a magistrate's decision without independently disposing of the issues before it is not a final, appealable order. See Jefferson Cty. CSEA exrel. Kim Wargo v. Wargo, 7th Dist. No. 02 JE 25, 2002-Ohio-3758; In reBeck, 7th Dist. No. 00 BA 52, 2002-Ohio-3460; Harkins v. Wasiloski (Dec. 5, 2001), 7th Dist. No. 00 CA 9; Muzenic v. Muzenic (June 6, 2000), 7th Dist. No. 95 CA 181. For example, in Harkins, this court found the following entry was not a final, appealable order: "Based upon the foregoing, the Court overrules Plaintiff's and Defendant's Objections to the Decision of the Magistrate and denies the cross motions to strike and Plaintiff's motion for attorney fees. Pursuant to Civ. R. 53(E)(4)(b), the Court hereby adopts the Decision of the Magistrate." Likewise, in Beck, this court found an entry which merely affirmed the magistrate's decision without describing the rights, duties, and obligations of the parties was not a final, appealable order. Finally, in Muzenic, this court found the trial court's entry was not a final, appealable order because the parties could not determine their rights and obligations by referring solely to the appealed judgment. In each of these decisions, this court dismissed the appeal and remanded the case back to the trial court for further proceedings.
 {¶ 6} In this case, the trial court's judgment is, in its entirety, the following: "The Magistrate's Decision file dated November 20, 2001 is hereby adopted by the Court. The Objection to the Magistrate's Decision, filed by Attorney Mary Corabi, is hereby OVERRULED." Thus, this trial court has made the same error as those inHarkins, Beck, and Muzenic in that it adopted the magistrate's decision without ever stating the rights, duties, and obligations of the parties. As a result, its order is not a final, appealable order.
 {¶ 7} Recently, this court has been forced to dismiss quite a few appeals throughout the district for lack of a final appealable order because the entry being appealed from overrules the objections to a magistrate's decision and adopts that decision, but does not independently dispose of the issues before it. Given this fact, we would be remiss if we did not provide a more thorough explanation of exactly what we mean when we say a trial court must independently dispose of the issues before it.
 {¶ 8} A trial court's judgment does not independently dispose of the issues before it unless that judgment "contain[s] language which sets forth the trial court's own determination in the matter; i.e., if the trial court agrees with the referee's recommendation, it must restate that recommendation in the form of an order." Muzenic at 3. This is because "[o]ne fundamental principle in the interpretation of judgments is that, to terminate the matter, the order must contain a statement of the relief that is being afforded the parties." Harkai v. ScherbaIndustries, Inc. (2000), 136 Ohio App.3d 211, 214, 736 N.E.2d 101. This does not mean the trial court's judgment entry adopting the magistrate's decision must conduct an independent analysis of the magistrate's decision. That level of thoroughness is no longer required by Civ. R. 53. However, the fact remains that a magistrate is not a judge and a magistrate's decision is not a judgment. Id. at 216. Thus, until the judge affirmatively states on the record the relief being afforded to the parties, there is no judgment.
 {¶ 9} When a trial court has assigned a matter to a magistrate and the parties have filed objections to the magistrate's decision, the trial court's judgment entry should address those objections, take one of the actions listed in Civ. R. 53(E)(4)(b), and, if the court intends to dispose of the case in its entirety, the trial court must affirmatively state the relief being afforded to the parties. Judgments that simply deal with the objections and adopt a magistrate's decision are not final judgments because they only address whether the decision should be adopted. Muzenic at 3. They do not inform the parties of the trial court's own judgment in the matter they have placed before it.
 {¶ 10} For the foregoing reasons, we must dismiss this appeal for the lack of a final, appealable order. The matter is remanded to the trial court for further proceedings.
Vukovich and Donofrio, JJ., concur.