This cause was heard upon the record in the trial court, and the following disposition is made:
{¶ 1} This is an appeal from the December 18, 2002 entry of the Summit County Court of Common Pleas, Domestic Relations Division, adopting a magistrate's decision as an order of the court. Because a final judgment was not issued by the trial court, we must dismiss for lack of subject matter jurisdiction.
 {¶ 2} In the journal entry, the trial court highlighted various findings made by the magistrate and stated that "[b]ecause the [m]agistrate's finding[s] support designating [Appellee] as the residential parent of the children, this [c]ourt denies [Appellant's] objections as to parental rights and responsibilities." Thereafter, the court indicated that "the [f]ollowing [m]agistrate's [d]ecision is an [o]rder of this [c]ourt[.]" The magistrate's decision was then restated. The court also expressed that "[a]ll debts listed under [p]aragraphs 79 and 80 shall be paid by [Appellee]." However, these paragraphs are not contained in the journal entry of the trial court. This Court assumes that this statement is in reference to the magistrate's decision, dated April 15, 2002, which includes these paragraphs discussing the various debts of the parties.
 {¶ 3} We find this entry deficient as it is not a "judgment" appealable under Ohio law. SeeDaly v. Martin (May 14, 1997), 9th Dist. No. 2599-M, at 1-2. Civ.R. 54(A) declares that a "judgment shall not contain a recital of *** the magistrate's decision in a referred matter[.]" Furthermore, as this Court has found in the past, the adoption of a magistrate's decision and the entering of judgment is a two-step process. Daly, supra, at 5. A trial court may only adopt, modify, or vacate a magistrate's decision or, if a prior judgment has been entered pursuant to Civ.R. 53(E)(4)(c), the court may vacate, modify or adhere to its prior judgment. Civ.R. 53(E)(4)(a) and (c). See, also, Harkai v.Scherba Industries, Inc. (2000), 136 Ohio App.3d 211, 221. However, excluding explicit exceptions, the adoption of a magistrate's recommendation is final only when the trial court reduces the recommendation to a judgment by a proper judgment entry. Daly, supra, at 2. SeeWellborn v. K-Beck Furn. Mart., Inc. (1977), 54 Ohio App.2d 65, 66." "[Civ.R. 53(E)(4)] directs that a trial court must both `adopt' the proposed decision and `enter judgment.'" Daly, supra, at 2-3, citingMorris v. Reed (Oct. 9, 1996), 9th Dist. No. 96CA0028, at 2. "[A] judge must still separately enter his or her own judgment setting forth the outcome of the dispute[.]" Harkai, 136 Ohio App.3d at 218. Only a judge, not a magistrate, may terminate an action by entering a judgment.Id.
 {¶ 4} Consequently, though the court may order that the findings of the magistrate be adopted, it must "then enter its own independent judgment disposing of the matters at issue between the parties, such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined." Daly, supra, at 5. See, also, Harkai, 136 Ohio App.3d at 218. The trial court's judgment must "contain language which sets forth the trial court's own determination in the matter[.]" In re Dayton, 7th Dist. No. 02 JE 20, 2003-Ohio-1240, at ¶ 8, quoting Muzenic v. Muzenic (June 6, 2000), 7th Dist. No. 95 CA 181. The trial court "must sufficiently address [the] issues so that the parties may know of their rights and obligations by referring only to that document known as the judgment entry." In re Zakov (1995), 107 Ohio App.3d 716, 717.
 {¶ 5} In the present case, the trial court's December 18, 2002 entry is deficient in that it lacks the trial court's independent judgment on the matters; the court merely stated that the magistrate's decision was an order of the court. SeeHarkai, 136 Ohio App.3d at 218
and Walker v. Walker (Aug. 5, 1987), 9th Dist. No. 12978, at 6-8 (finding that trial court's entry that merely stated it considered the objections to the referee's ruling and made the referee's findings and recommendations an order of the court was not a final appealable order). Thus, there is no final judgment and appellate jurisdiction has not been conferred on this Court. The appeal is dismissed for lack of jurisdiction.
WHITMORE, J. CONCURS.
CARR, J. DISSENTS.