{¶ 13} I respectfully concur in judgment only with the majority opinion. Under Civ.R. 53(E), the court is given authority to appoint a magistrate to be the fact finder in appropriate cases. However, a magistrate's report is meaningless as to any factual findings unless the trial court adopts or incorporates those findings. Here, contrary to the procedural history stated by the majority, the trial court did not adopt or incorporate the magistrate's report, either in part or as a whole. As is set out in Civ.R. 53(E)(4), "[t]he Magistrate's decision shall be effective when adopted by the court." See, also, Harkai v. Scherba Industries, Inc. (2000),136 Ohio App.3d 211, 217; Takacs v. Baldwin (1995), 106 Ohio App.3d 196,207.
 {¶ 14} In the case at bar, the trial court listed its own findings of fact, presumably based upon the report. As a result, in analyzing the trial court's conclusions, we cannot reference the magistrate's report for support of the trial court's decision. Rather, we are restricted to only looking at the specific facts and conclusions set out in the trial court's judgment entry. We cannot supplement the trial court's judgment entry with additional facts from the magistrate's report, as the trial court did not adopt and incorporate such facts.
 {¶ 15} That is a huge distinction and is totally separate and apart from the concept of any obligation of the trial court to review a magistrate's report for error on its face per Civ.R. 53(E).
 {¶ 16} Nevertheless, there is nothing of record to contradict the findings set out by the trial court. Thus, I agree with the ultimate conclusion of the majority to affirm. To that end, I concur in judgment only with the decision of the majority.