DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, M.H. and J.M., appeal from the judgment entry of the Lorain County Court of Common Pleas, Juvenile Division, which overruled appellants' objections. For the reasons that follow, this Court dismisses the appeal for lack of a final, appealable order.
 I. {¶ 2} On September 27, 2003, appellants were each cited by an Elyria City patrol officer for the offense of street racing, in violation of Elyria city code 333.07(B). Appellants, both juveniles, entered denials to the allegations of street racing before a juvenile court magistrate. Appellants' cases were later consolidated in the interest of judicial economy.
 {¶ 3} On February 26, 2004, appellants' cases proceeded to adjudication before the magistrate. On March 18, 2004, the magistrate issued her decision, finding that the State proved its case against each appellant beyond a reasonable doubt. Appellants' cases proceeded to dispositional hearing on March 30, 2004.
 {¶ 4} On March 31, 2004, the magistrate issued her decisions regarding disposition. Appellant M.H. was adjudicated a juvenile traffic offender and ordered to pay fines and costs. The magistrate also imposed the mandatory six points on appellant M.H.'s license. Appellant J.M. was adjudicated a juvenile traffic offender and ordered to pay fines and costs and attend the car teens program. The magistrate also imposed the mandatory six points on appellant J.M.'s license. On the same day, appellants filed objections to the magistrate's March 18, 2004 decision, asserting that the adjudications were against the manifest weight of the evidence.
 {¶ 5} On May 10, 2004, appellants filed their memorandum in support of their objections to the magistrate's March 18, 2004 decision. Although appellants raised several assignments of error in their objections, they challenged only their adjudications and not their dispositions.
 {¶ 6} In addition to its consideration of the parties' briefs, the trial court held an oral hearing on appellants' objections on June 29, 2004. On July 13, 2004, the trial court issued its judgment entry, analyzing the issues before it on objection and concluding "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the juveniles' objections are DENIED." The trial court did not reiterate either the adjudicatory or dispositional orders issued by the magistrate. Appellants timely appeal the trial court's denial of their objections, setting forth two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"The trial court erred in denying the appellants' JUV.R. 29 motion for judgment of dismissal at the close of the state's case."
 ASSIGNMENT OF ERROR II
"The trial court's adjudication of the appellants as juvenile traffic offenders for the commission of the offense of street racing was against the manifest weight of the evidence."
 {¶ 7} On August 26, 2004, this Court issued a journal entry, informing the parties that the trial court's July 13, 2004 judgment entry may not be a final, appealable order. This Court directed appellants to file a memorandum that explains why this appeal should not be dismissed for lack of a final, appealable order. Appellants timely filed their memorandum and a motion to supplement the record on appeal with two journal entries issued on September 14, 2004, by which the trial court attempted to cure any defect in its July 13, 2004 judgment entry. Although this Court issued a journal entry on October 6, 2004, wherein we resolved the issue in favor of jurisdiction, this Court further advised that we might revisit the issue in our final disposition of this matter. This Court now revisits the issue of whether appellants have appealed from a final, appealable order.
 {¶ 8} In the September 14, 2004 journal entry regarding appellant M.H., the trial court stated:
"The juvenile, pursuant to the denial of the Objection to the Magistrate's Decision, is hereby adjudicated a traffic offender and the prior disposition of $25.00 fine, $63.00 court costs, six points on Ohio Driver's License, remains in full force and effect and is an order of this Court."
The trial court's September 14, 2004 journal entry regarding appellant J.M. stated: "The juvenile, pursuant to the denial of the Objection to the Magistrate's Decision, is hereby adjudicated a traffic offender and the prior disposition of $25.00 fine, $63.00 court costs, six points on Ohio Driver's License, attendance in the Cart [sic] Teens program remains in full force and effect and is an order of this Court."
 {¶ 9} In their memorandum in support of appellate jurisdiction, appellants recognized that the trial court's July 13, 2004 judgment entry did not dispose of appellants' cases below. Appellants argued, however, that the trial court's September 14, 2004 journal entries disposed of appellants' cases below; because the journal entries specifically adjudicated each appellant a traffic offender and reimposed the prior disposition as an order of the court. Appellants assert that their notice of appeal was filed after the trial court announced its decision to affirm the magistrate's decision but before entry of the judgment, which definitively concluded the parties' rights and obligations based upon its former decision. Appellants argue that their appeal is therefore now ripe to proceed pursuant to
App.R. 4(C), despite the premature filing of their notice of appeal. This Court disagrees.
 {¶ 10} App.R. 4(C) addresses premature notices of appeal, stating:
"A notice of appeal filed after the announcement of a decision, order, or sentence but before entry of the judgment or order that begins the running of the appeal time period is treated as filed immediately after the entry."
 {¶ 11} This Court takes well the State's argument that the trial court's July 13, 2004 judgment entry was not an announcement of the September 14, 2004 orders. At no previous time did the trial court ever enunciate any orders in regard to the adjudication or disposition of appellants. Appended to the magistrate's March 18, 2004 adjudicatory decision was the trial court's statement that "[p]ursuant to Civil Rule (D)(3) and (4) [sic], the Court adopts the Magistrate's decision and enters judgment." The trial court failed to reiterate any orders in its adoption, however. In addition, the trial court stated on the record after hearing on appellants' objections that it would take the matter under advisement and later issue its ruling on the objections. Therefore, it cannot be said that the trial court announced its decision prior to the entry of its July 13, 2004 judgment entry. Further, in the July 13, 2004 judgment entry, the trial court ordered no more than that appellants' objections were denied.
 {¶ 12} This Court has previously held that language merely adopting a magistrate's decision, without a recitation of orders clarifying the parties' rights and obligations, does not constitute a final, appealable order. Bergin v. Berezansky, 9th Dist. No. 21451, 2003-Ohio-4266, at ¶ 7. When the trial court adopts a magistrate's decision pursuant to Civ.R. 53, the trial court "must independently enter its own judgment, `setting forth the outcome of the dispute and the remedy provided' for the order to be final and appealable." Id. at ¶ 5, quoting Harkai v.Scherba Industries, Inc. (2000), 136 Ohio App.3d 211, 218. Specifically, the trial court must dispose of the matters so that the parties need not consult any other document to ascertain the court's determination of their rights and obligations at issue. Bergin at ¶ 5. In the absence of a final, appealable order, this Court has no jurisdiction to consider an appeal. Id. at ¶ 7; Section 3(B)(2), Article IV, Ohio Constitution.
 {¶ 13} In this case, the trial court failed to independently enter its own judgment, setting forth the determination of the outcome of the dispute. The trial court neither announced any orders on the record after the hearing on appellants' objections nor journalized any orders regarding the outcome of the dispute in its July 13, 2004 judgment entry. Although the trial court attempted to cure this defect when it issued its September 14, 2004 journal entries, those journal entries merely stated that the prior dispositions remained in full force and effect. However, there were no prior dispositions entered by the trial court, which the trial court could reaffirm by its September 14, 2004 journal entries. Clearly, the trial court's assertion at the bottom of the magistrate's decision regarding disposition, stating "UPON THE COURT'S OWN MOTION THE DECISION OF THE MAGISTRATE IS APPROVED AND ORDERED ENTERED OF RECORD[,]" did not serve as an adoption of the magistrate's decision pursuant to Civ.R. 53; because the trial court failed to independently set forth the outcome of the dispute.
 {¶ 14} At first glance, the trial court's September 14, 2004 journal entries may appear to cure the defect of a lack of final, appealable order. They do not. Those journal entries would have been sufficient to establish a final, appealable order had the trial court actually entered an adjudication and disposition, ordering for example that the juvenile is adjudicated a traffic offender and that the offender is hereby fined $25.00, is assessed $63.00 in court costs, (the juvenile shall attend the car teens program), and six points shall be added on the juvenile's Ohio driver's license. The phrase "* * * the prior disposition * * * remains in full force and effect and is an order of this Court[,]" is problematic. Such language, without an affirmative imposition of disposition, does not convert the magistrate's disposition into an active and present disposition by the trial court. Therefore, the trial court's September 14, 2004 journal entries could not serve to give on-going effect to judgments, which did not exist.
 {¶ 15} Because the trial court failed to issue any dispositional orders to date, appellants' reliance on App.R. 4(C) is misplaced. Further, because no dispositional orders have been journalized, there exists no final, appealable order from which appellants might yet appeal. Therefore, in the absence of a final, appealable order, no appellate jurisdiction has been conferred upon this Court. This appeal is dismissed for lack of jurisdiction.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants.
Exceptions.
Whitmore, P.J., Batchelder, J. Concur