[Cite as *In re D.C.*, 2018-Ohio-2206.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


IN RE:  D.C.                          :          APPEAL NO. C-170089
                                                 TRIAL NO. 16-6194
                                     :

                                     :          *O P I N I O N.*


Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  June 8, 2018


*Alex Scott Havlin,* Assistant Hamilton County Prosecuting Attorney, for Plaintiff-Appellee,

*J. Rhett Baker*, for Defendant-Appellant.

**DETERS, Judge.**

{¶1}  Appellant D.C. appeals from the trial court's order committing D.C. to the Department of Youth Services ("DYS").  Because the trial court did not independently adjudicate D.C. delinquent, we determine that no final, appealable order exists.  Therefore, we dismiss D.C.'s appeal for lack of jurisdiction.

## Background

{¶2}  The state filed a delinquency complaint in Hamilton County Juvenile Court against D.C., who was then 13 years old, alleging that D.C. had caused physical harm to a 14 year old by means of a deadly weapon.  The complaint alleged D.C.'s actions amounted to felonious assault in violation of R.C. 2903.11, if committed by an adult, and that D.C. had a firearm on his person or under his control while committing the offense, and that D.C. had displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the offense.  The matter proceeded to trial before a magistrate, who found D.C. delinquent as provided in the complaint.  D.C. filed objections to the magistrate's decision.  After a hearing on the objections, the trial court adopted the magistrate's decision.  The trial court then entered an order committing D.C. to the custody of DYS for an indefinite term of a minimum of 12 months and a maximum not to exceed 21 years of age.  In the same entry, the trial court ordered D.C. to DYS for 36 months in relation to the firearm specifications, to be served consecutively and prior to the indefinite term.  D.C. appeals.

## Final-Order Requirement

{¶3}  The jurisdiction of Ohio courts of appeals is laid out in the Ohio Constitution, Article IV, Section 3(B)(2), which provides in relevant part: "Courts of

appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *."  "Jurisdiction as provided by law" comes from two statutes—R.C. 2501.02, the "jurisdictional statute," and R.C. 2505.02, the "definitional statute."  *In re D.H.*, 125 Ohio St.3d 310, 2018-Ohio-17, 95 N.E.3d 389, ¶ 5.

{¶4}  R.C. 2501.02 provides

[i]n addition to the original jurisdiction conferred by Section 3 of Article IV, Ohio Constitution, the court shall have jurisdiction upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district, including the finding, order, or judgment of a juvenile court that a child is delinquent, neglected, abused, or dependent, for prejudicial error committed by such lower court.

{¶5}  In juvenile court, the law provides for two, separate procedural phases, the adjudicatory hearing and the dispositional hearing.  *See In re Baby Girl Baxter*, 17 Ohio St.3d 229, 233, 479 N.E.2d 257 (1985), citing Juv.R. 34.  In the absence of a delinquency adjudication, the juvenile court lacks authority to consider matters relating to disposition.  *In re G.S.*, 4th Dist. Pike No. 14CA852, 2015-Ohio-1285, ¶ 18.  Moreover, only a judge, not a magistrate, can enter judgment.  *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 218, 736 N.E.2d 101 (9th Dist.2000); *see* Civ.R. 54(A) ("A judgment shall not contain * * * the magistrate's decision in a

referred matter * * *."). Therefore, where a juvenile court fails to independently enter judgment with respect to an adjudication of delinquency, the dispositional order is not a final, appealable order. *See In re G.S.* at ¶ 21.

{¶6} In the entry in which the trial court orders D.C. committed to DYS, the trial court states that D.C. "was adjudicated a delinquent on 1/06/2017 by reason of having committed an act, which if committed by an adult would constitute a felony of the second degree, to wit: a violation of Section 2903.11 of the Ohio Revised Code." However, the magistrate found D.C. delinquent on January 6, 2017, not the trial court. Moreover, the entry does not adjudicate D.C. delinquent with respect to the firearm specifications as alleged in the complaint. In terms of finality, it is not enough that the magistrate found D.C. delinquent as alleged in the complaint, the juvenile court must independently enter judgment regarding delinquency. *See* Civ.R. 54(A); *In re G.S.* Because the trial court failed to independently adjudicate D.C. delinquent, the dispositional entry is not a final, appealable order. *In re G.S.* at ¶ 21.

## Conclusion

{¶7} In conclusion, because the trial court did not adjudicate D.C. delinquent, we lack a final, appealable order, and we dismiss the appeal.

*Appeal dismissed.*

CUNNINGHAM, P.J., and MYERS, J., concur.

Please note:
 The court has recorded its own entry on the date of the release of this opinion.