DECISION AND JOURNAL ENTRY
TXThis cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Bernard Clark, appeals from the findings of fact, conclusions of law and judgment entry of the Barberton Municipal Court. We reverse.
 I. {¶ 2} As an initial matter, this Court notes that Appellee failed to file an appellate brief in the instant appeal. Therefore, "[pursuant to App. R. 18(C), this Court may accept the Appellant's statement of the facts and issues as presented in Appellant's brief as correct and reverse the judgment of the trial court if [Appellant's brief reasonably appears to sustain such action." Bank of New York v. Smith, 9th Dist. No. 21534, 2003-Ohio-4633, at ¶ 2.
 {¶ 3} Sherri Kimbel, Appellee, hired Appellant to install kitchen base cabinets and countertops in her home. For the six and one half hours of work he completed, Appellant was paid $137.50. The work in the kitchen was not completed. Appellee asserted that Appellant refused to finish the work, while Appellant asserted Appellee would not allow him to finish the work. As a result, Appellee filed suit against Appellant in small claims court, seeking recovery for her damaged property.
 {¶ 4} In her initial suit, Appellee was granted judgment in the amount of $1,072.50. That judgment was vacated on January 4, 2005, pursuant to Appellant's Civ. R. 60(B) motion. Prior to the trial court vacating the judgment, Appellee recovered $119.81 from Appellant through bank garnishment. On February 3, 2005, after the award was vacated, the magistrate heard testimony from both parties. Appellee admitted at the trial that there were two countertops installed in her kitchen and that her complaint only pertained to one section. She had previously alleged that the countertops cost a total of $150.00. Appellee's receipt, which was presented at trial, showed that this section of countertop cost $66.97. Consequently, the magistrate awarded Appellee $66.97 for materials. The magistrate further found that the reasonable value of labor was $650.00. The award was reduced by the $119.81 Appellee received through bank garnishment. The magistrate granted judgment for Appellee in the amount of $597.16.
 {¶ 5} Prior to issuance of the trial court's entry of judgment on the magistrate's decision, both Appellee and Appellant objected to the magistrate's decision. Appellee objected on the basis that the damage to materials totaled more than $66.97. Appellant objected to the $650.00 in labor costs. Along with his objection, Appellant filed a request for findings of fact and conclusions of law. The trial court overruled both parties' objections, declined Appellant's request for findings of fact and conclusions of law, and adopted the magistrate's decision granting judgment in favor of Appellee. Appellant appealed the trial court's denial of his request.
 {¶ 6} On December 21, 2005, this Court held that the trial court erred in failing to make findings of fact and conclusions of law pursuant to Civ. R. 52. We remanded the matter for further proceedings. On remand, the trial court did not conduct further hearings, and on February 27, 2006, it issued a "Findings of Fact Conclusions of Law and Judgment Entry." In the entry, the trial court granted judgment to Appellee for $851.97, $254.81 higher than the award granted by the magistrate and previously adopted by the trial court.[1] Further, the trial court did not explain the increase in the judgment amount. Appellant timely appeals from the trial court's findings of fact and conclusions of law, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN ISSUING `FINDING OF FACT, CONCLUSIONS OF LAW AND JUDGMENT ENTRY' WHICH ALTERED (INCREASED) THE JUDGMENT AMOUNT FOUND BY THE MAGISTRATE."
 {¶ 7} Appellant argues that the trial court abused its discretion and erred in issuing its findings of fact and conclusions of law and judgment entry, which altered the judgment amount found by the magistrate. We agree.
 {¶ 8} Appellant urges this Court to find that the trial court abused its discretion when it entered its judgment. However, as we have previously stated, when reviewing a judgment entered in a bench trial, "[t]he appropriate standard of review is whether the trial court's judgment is `supported by some competent, credible evidence going to all the essential elements of the case.'" Estate of Barbieri v.Evans (1998), 127 Ohio App.3d 207, 211, quoting, C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
 "This standard is highly deferential and even `some' evidence is sufficient to sustain the judgment and to prevent a reversal. Therefore, this Court does not decide whether it would have come to the same conclusion as the trial court. Rather, this Court is required to uphold the judgment so long as the record, as a whole, contains some evidence from which the trier of fact could have reached its ultimate factual conclusions." (Citations omitted.) Liberty Excavating, Inc. v. Welty Bldg. Co., Ltd.
9th Dist. No. 21807, 2004-Ohio-4873, at ¶ 8.
 {¶ 9} In this case, we do not find that the evidence supports the trial court's decision to award Appellee $851.97, $254.81 higher than its previous judgment.
 {¶ 10} The trial court properly found that the estimated labor cost was $650.00. In regards to the material damage, the trial court made the following findings of fact:
 "6. The sink base that defendant damaged is listed as costing $135.00, and the countertop that defendant improperly cut is listed as costing $66.97."
 {¶ 11} The magistrate's decision, adopted by the trial court, only found material damage in the amount of $66.97. It was from this finding that Appellee objected, stating that this amount did not correspond with the actual amount of material damage. The trial court expressly overruled this objection, stating that the "objections of the plaintiff are not well-taken[.]" The trial court further "adopt[ed] the Magistrate's Decision as the Court's Final Entry of Judgment[.]" Therefore, it is clear from the trial court's judgment entry that it found only $66.97 worth of material damage.
 {¶ 12} This finding is supported by the evidence at trial. A receipt was presented showing the damaged countertop to be worth $66.97. Further, Appellee played a videotape of the kitchen, showing minor damage to the kitchen cabinets, and one area where a screw penetrated the surface of a cabinet and the above mentioned countertop showing a sink cut-out which Appellee claimed was too large. There were no other defects visible in this video. Appellant testified that the countertop was not incorrectly cut and that all other defects were minor and could be easily fixed if necessary. There was no testimony regarding estimates for replacing the cabinets. It was from this evidence that the magistrate awarded Appellee material damages of only $66.97. It appears that in its findings of fact, the trial court, on remand, considered Appellee's initial complaint, where she alleged damage to a sink base in the amount of $135.00. However, this amount was not proved at trial and was disregarded by the magistrate. We believe the trial court arrived at its final award ($851.97) by adding the properly found $650.00 in labor costs, the properly found $66.97 replacement cost for the counter top and the improperly found $135.00 for damages to the sink base.
 {¶ 13} Finally, the trial court did not offset the $119.81 Appellee has already received from Appellant due to a bank garnishment. The docket clearly reflects the fact that Appellant's National City bank account was garnished and consequently, Appellee received a check in the amount of $119.81. The trial court clearly erred in neglecting to offset its award by the amount Appellee has already received.
 {¶ 14} We find that the trial court's total award as stated in its "Findings of Fact Conclusions of Law and Judgment Entry" is not supported by competent, credible evidence. However, competent, credible evidence does exist to support a finding of labor costs of $650.00, material costs of $66.97, and bank garnishment in the amount of $119.81. "Pursuant to App. R. 12(B), this Court may enter the judgment the trial court should have entered." Liberty Excavating, Inc., supra, at ¶ 48. Therefore, this Court enters judgment for Appellee in the amount of $597.16, representing the $650.00 in labor, the $66.97 in material costs less the $119.81 already received by Appellee.
 III. {¶ 15} Appellant's assignment of error is sustained. The judgment of the Barberton Municipal Court is vacated. We enter judgment in the amount of $597.16 in favor of Appellee.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
CARLA MOORE
FOR THE COURT
WHITMORE, P. J. BOYLE, J. CONCUR
[1] The sitting judge, who issued the first judgment entry in this case, retired during the pendancy of the case. A new judge then took the bench and made the Findings of Fact, Conclusions of Law and Judgment Entry.