DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} Appellant, Charles Cheton ("Cheton"), appeals from the decision of the Summit County Court of Common Pleas. This Court dismisses the appeal.
 I. {¶ 2} On February 2, 2007, Appellee, Coventry Township Board of Trustees ("the Township"), filed a complaint for declaratory judgment, statutory injunction, nuisance and abatement against Cheton. On February 12, 2007, the Township filed a motion for a preliminary injunction. At issue was an upgraded digital LED message display operated by Cheton. Prior to the upgrade, the sign *Page 2 
used electronic incandescent light bulbs. The original sign ran seven different advertisements per minute, advertising Cheton's business as well as other businesses located in Cheton Center, community businesses, and local community, governmental, and charitable organizations. The Township asserted that the upgraded sign was being operated in violation of the Township Zoning Resolution ("the Resolution") and sought to enjoin Cheton from operating the sign.
 {¶ 3} Cheton filed a brief in opposition stating that the new sign constituted a continuation of a permitted non-conforming use of the old sign. The Township filed a reply brief. On April 23, 2007, at the trial court's request, the parties stipulated that the decision on the Township's motion for preliminary injunction would be consolidated with and deemed a decision regarding the Township's request for a permanent injunction. Most notably, the Township stated in its motion for preliminary injunction that Cheton had violated the Resolution by programming his sign to change messages up to eight times per minute, by advertising businesses and services that are not located on the premises, and by permitting scrolling and other movement on the sign. On May 8, 2007, the trial court issued a permanent injunction finding Cheton in violation of the Resolution and requiring him to operate his sign in accordance with the Resolution. Cheton filed a timely notice of appeal, asserting one assignment of error for our review. *Page 3 
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED BY ISSUING THE PERMANENT INJUNCTION."
 {¶ 4} In his sole assignment of error, Cheton argues that the trial court erred by issuing the permanent injunction. We find that we lack jurisdiction to address the merits of Cheton's contentions.
 {¶ 5} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. Accordingly, this Court has jurisdiction to review only final and appealable orders. See Harkai v. Scherba Industries, Inc.
(2000), 136 Ohio App.3d 211, 219. "For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied." (Citation omitted.) Konstand v.Barberton, 9th Dist. No. 21651, 2003-Ohio-7187, at ¶ 4. This Court has repeatedly found, most notably in Harkai, 136 Ohio App.3d at 216, that in order to constitute a final appealable order
 "`[t]he content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case. If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court.'" Harkai 136 Ohio App.3d at 216, quoting Walker v. Walker (Aug. 5, 1987), 9th Dist. No. 12978, at *2. *Page 4 
In this case, as Cheton correctly asserts, the trial court failed "to address the distinct and critical issue of whether [the Township Resolution] prohibits [Cheton] from advertising off-site businesses." We agree that the trial court did not dispose of this argument, first presented by the Township in its motion for a preliminary injunction. We cannot agree, however, with Cheton's assertion that we should "`enter the judgment that the Trial Court should have entered.'" Kimbel v.Clark, 9th Dist. No. 23169, 2006-Ohio-6959, at ¶ 14. Rather, we find that this error divests us of jurisdiction to consider the merits of the case.
 {¶ 6} The Township argues that the trial court specifically found that he was in violation of the Resolution with regard to advertising off-site businesses. The Township contends that the trial court gave Cheton "clear direction" when it quoted a letter to Cheton from the Township informing him that his sign was in violation of the Resolution because 1) the messages were changing eight times per minute, 2) the sign utilized "scrolling" messages, and 3) because the sign advertised businesses not on the premises. We do not find that this is "clear direction." Instead, we read this portion of the judgment as simply reciting the issues that were in dispute.
 {¶ 7} The remainder of the judgment discusses whether the sign was a non-conforming use. The trial court notes that Cheton was granted a Conditional Use Permit which would allow for two messages per minute. The trial court found that Cheton was in violation of this Conditional Use Permit and in violation of the *Page 5 
Resolution. However, it is not clear from the judgment which of the three disputed violations the trial court was referring to when it found Cheton had violated the Resolution. Cheton is commanded to "bring his sign into compliance with the provisions" yet the trial court's judgment does not give him clear guidance as to how this is to be accomplished. As such, we find that the trial court's judgment fails to speak to an area that was disputed and is indefinite in that respect. SeeHarkai, 136 Ohio App.3d at 216. Accordingly, we find that the trial court's judgment was not final and we dismiss for lack of jurisdiction.
 III. {¶ 8} Cheton's assignments of error are not addressed. This Court lacks jurisdiction over the appeal. The appeal, therefore, is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 6 
CARR, P. J. CONCURS