DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, Rodney Long, appeals from a judgment of the Cuyahoga Falls Municipal Court. This Court dismisses the appeal.
 I. {¶ 2} Appellant filed an amended complaint in the trial court on December 14, 2004, alleging that Appellee, Northern Illinois Classic Auto Brokers, violated the Consumer Sales Practices Act. In response, Appellee filed a motion to stay the proceedings pending arbitration. Appellant contended that the arbitration provision was unenforceable and sought to move forward in the proceedings. The magistrate, however, recommended that the matter be stayed pending arbitration. The trial court determined that more information was necessary and remanded the matter to the magistrate for an evidentiary hearing.
 {¶ 3} An evidentiary hearing was held on July 28, 2005, and the magistrate again recommended that the matter be stayed pending arbitration. Appellant objected to the magistrate's decision, urging that the arbitration provision was unenforceable. The trial court overruled Appellant's objection and adopted the magistrate's decision. Appellant timely appealed the trial court's judgment, raising two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE ARBITRATION CLAUSE IS UNCONSCIONABLE AND UNENFORCEABLE BECAUSE IT VIOLATES THE VENUE PROVISION AND THE PUBLIC POLICY UNDERLYING THE PURPOSE OF THE OHIO CONSUMER SALES PRACTICES ACT."
 ASSIGNMENT OF ERROR II
"THE ARBITRATION AGREEMENT IS UNENFORCEABLE BECAUSE [APPELLANT] RECEIVED NO CONSIDERATION IN RETURN FOR HIS OBLIGATIONS."
 {¶ 4} In both his assignments of error, Appellant contends that the trial court erred in enforcing the arbitration provision. This Court finds that we lack jurisdiction to address the merits of Appellant's contentions.
 {¶ 5} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. Accordingly, this Court has jurisdiction to review only final and appealable orders. SeeHarkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211,219. "For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied." (Citation omitted.) Konstand v. Barberton, 9th Dist. No. 21651, 2003-Ohio-7187, at ¶ 4. This Court has held repeatedly, most notably in Harkai, 136 Ohio App.3d at 218, that in order to constitute a final appealable order a trial court cannot merely adopt a magistrate's decision but must enter its own judgment that sets forth "the outcome of the dispute and the remedy provided." Id.
 {¶ 6} In the instant matter, the trial court's journal entry reads in pertinent part as follows:
"As a matter of law the Court specifically finds that the Plaintiff failed to establish that the arbitration clause was unconscionable as applied here. The Magistrate's decision that the matter be stayed pending arbitration is adopted and approved.
"SO ORDERED."
As a result of the above language, this Court issued a show cause order to Appellant to demonstrate that the above is a final appealable order. Appellant responded, arguing that the trial court issued a finding of law and that the language "SO ORDERED" is sufficient to make the order final and appealable. This Court disagrees.
 {¶ 7} "One fundamental principle in the interpretation of judgments is that, to terminate the matter, the order must contain a statement of the relief that is being afforded the parties." Harkai, 136 Ohio App.3d at 215. Appellant has urged this Court to interpret the trial court's judgment to find that it stayed the matter pending arbitration. By its own language, however, the trial court's entry did not offer any statement of relief. While the trial court agreed with the magistrate that the arbitration clause was enforceable, the court did not order relief. Rather, following its agreement with the magistrate, the trial court "adopted and approved" the magistrate's decision. Accordingly, when the trial court stated "SO ORDERED," it ordered that the magistrate's decision be adopted and approved. As noted above, however, merely adopting and approving of the magistrate's decision does not create a final appealable order. The trial court must independently enter judgment which includes a statement of relief. In the instant matter, the trial court failed to do so. Accordingly, this Court lacks jurisdiction to rule on the appeal.
 III. {¶ 8} Appellant's assignments of error are not addressed. This Court lacks jurisdiction over the appeal. The appeal, therefore, is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J., Carr, J. concur.