DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Franklin J. Kelly, appeals the trial court's judgment issuing a civil protection order against Mr. Kelly for the protection of Appellee Andrea L. Kelly. We dismiss the appeal. *Page 2 
 {¶ 2} This action commenced on July 17, 2007, when Mrs. Kelly filed a petition for domestic violence civil protection order ("CPO") pursuant to R.C. 3113.31. The trial court granted Mrs. Kelly's petition ex parte and set the matter for hearing on July 27, 2007. The ex parte CPO was served by the Sheriff on Mr. Kelly on July 19, 2007. The original hearing date was continued and ultimately went forward on August 28, 2007, before a magistrate. Counsel for both parties appeared at the hearing, but only Mrs. Kelly testified. It is unclear if Mr. Kelly was present at the hearing or was simply represented by counsel. On August 30, 2007, judgment was entered issuing a CPO. The CPO was signed by the magistrate and approved and adopted by the trial judge by his signature on the same CPO document. Mr. Kelly timely appealed the CPO and raises four assignments of error.
 Assignment of Error No. 1 "The trial court erred as a matter of law when it issued a civil stalking protection order that was void for failure to comply with the provisions of Civil Rule 53."
 Assignment of Error No. 2 "The trial court erred as a matter of law when it failed to enter a judgment granting the issuance of a civil stalking protection order."
 Assignment of Error No. 3 "The trial court erred as a matter of law in that, although directed to do so, the clerk of court did not, pursuant to Civil Rule 58(B) serve [Mr. Kelly's] attorney with the [CPO] in the manner prescribed by Civil Rule 5(B) and thereafter note the same in the appearance docket."
 {¶ 3} In his first and second assignments of error, Mr. Kelly argues that the trial court erred when it issued the CPO without complying with Civ. R. 53. Specifically, Mr. Kelly argues that, (1) the CPO did not identify itself as a "magistrate's decision" as required by Civ. R. 53(D)(3)(a)(iii) and a magistrate may not issue a CPO; (2) the CPO did not contain language that, "a party shall not assign as error on appeal any factual finding or legal conclusion * * * *Page 3 
unless the party timely and specifically objects," as required by Civ. R. 53(D)(3)(a)(iii); and (3) the trial court failed to independently enter judgment, instead just signing the CPO indicating same was "adopted and approved." In his last assignment of error, Mr. Kelly asserts that the record does not demonstrate that his counsel was served with the CPO as required by Civ. R. 58(B) thereby precluding him from lodging timely objections.
 {¶ 4} We hold that we lack jurisdiction to address the merits of Mr. Kelly's contentions. "The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV." Chef Italiano v. Crucible Development Corp., 9th Dist. No. 22415, 2005-Ohio-4254, at ¶ 12. Accordingly, this Court has jurisdiction to review only final and appealable orders. See Harkai v.Scherba Industries, Inc. (2000), 136 Ohio App.3d 211, 219. "For a judgment to be final and appealable, the requirements of R.C. 2505.02
and Civ. R. 54(B), if applicable, must be satisfied." (Citation omitted.)Chef Italiano at ¶ 12, citing General Acc. Inc. Co. v. Insurance Co. ofNorth America (1989), 44 Ohio St.3d 17, 21.
 {¶ 5} This Court has held repeatedly, most notably in Harkai,136 Ohio App.3d at 218, that in order to constitute a final appealable order a trial court cannot merely adopt a magistrate's decision but must enter its own judgment that sets forth "the outcome of the dispute and the remedy provided." Id. "One fundamental principle in the interpretation of judgments is that, to terminate the matter, the order must contain a statement of the relief that is being afforded the parties."Harkai, 136 Ohio App.3d at 215. As in Long v. N. Illinois Classic AutoBrokers, 9th Dist. No. 23000, 2006-Ohio-2279, at ¶ 7, "[b]y its own language, however, the trial court's entry did not offer any statement of relief." It simply "approved and adopted" the magistrate's report. Thus, when the trial court indicated "IT IS SO ORDERED," it simply "ordered that the magistrate's decision be adopted and approved. * * * [M]erely adopting and approving of the *Page 4 
magistrate's decision does not create a final appealable order. The trial court must independently enter judgment which includes a statement of relief." Long at ¶ 7. Here, the trial court failed to do so and this Court lacks jurisdiction to consider the appeal. Id.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
CARR, P. J., WHITMORE, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to § 6(C), Article IV, Constitution.) *Page 1