DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Robert G. Smith and the Smith Family Trust, appeal from the decision of the Summit County Court of Common Pleas. This Court dismisses the appeal.
 I. {¶ 2} Robert G. Smith was the trustee of the Smith Family Trust (collectively referred to as "the Trust"). The Trust owned property known as the Woodland Estates Subdivision. On March 6, 2006, the Trust entered into an agreement with Comstock Homes, Inc ("Comstock") for the sale of seven of the 19 sublots.
 {¶ 3} Pursuant to the agreement, Comstock paid the Trust $25,000 as earnest money. Among the provisions of the agreement, the Trust was to provide Comstock with a title report 15 days after the execution date of the agreement. In the event of a title defect, Comstock would then have 15 days to serve the Trust with a written objection. The parties disagree as to the exact *Page 2 
timeframe within which the Trust was required to cure the title defects and what effect this failure would have on the agreement.
 {¶ 4} On or around March 14, 2006, Comstock received a copy of the title report. The title report indicated that the lots were the subject of a prior sales agreement between the Trust and Glenmoore Builders. On February 13, 2006 Glenmoore Builders filed suit against the Trust regarding purchase of the lots. The pending lawsuit was referenced in the title report. Accordingly, Comstock served the Trust with written objections to the title report.
 {¶ 5} In August of 2006, Comstock sent a letter to the Trust, canceling the agreement and demanding the return of its $25,000 earnest money deposit. The Trust refused to return the deposit. On January 11, 2007, Comstock filed suit, alleging breach of contract against the Trust and against Robert Smith as guarantor of the contract. The Trust responded, stating that it was entitled to keep the deposit because Comstock had breached the agreement by failing to tender the balance of the required consideration. The Trust counterclaimed for this balance. Both parties filed motions for summary judgment. On June 11, 2008, the trial court granted Comstock's motion for summary judgment and denied the Trust's motion. The Trust has appealed this decision, raising two assignments of error for our review. We have combined them for ease of review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED BY GRANTING [COMSTOCK'S] MOTION FOR SUMMARY JUDGMENT AND DENYING [SMITH'S] MOTION FOR SUMMARY JUDGMENT, AS [COMSTOCK] COULD NOT PREVAIL ON ITS BREACH OF CONTRACT CLAIM AS IT HAD NOT PERFORMED ITS OBLIGATION UNDER THE CONTRACT AND AS [SMITH] BREACHED THE CONTRACT BY TERMINATING THE AGREEMENT BEFORE JANUARY 1, 2007." *Page 3 
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN FINDING THAT [SMITH] WAIVED [COMSTOCK'S] PERFORMANCE."
 {¶ 6} In its assignments of errors, the Trust contends that the trial court erred when it granted Comstock's summary judgment motion and that it erred in finding that the Trust waived Comstock's performance. We find that we are without jurisdiction to address the merits of the Trust's contentions.
 {¶ 7} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. Accordingly, this Court has jurisdiction to review only final and appealable orders. See Harkai v. Scherbo. Industries,Inc. (2000), 136 Ohio App.3d 211, 219. "For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ. R. 54(B), if applicable, must be satisfied." (Citation omitted.) Konstand v.Barberton, 9th Dist. No. 21651, 2003-Ohio-7187, at ¶ 4. This Court has repeatedly found, most notably in Harkai, 136 Ohio App.3d at 216, that in order to constitute a final appealable order
 "`[t]he content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case. If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court.'" Harkai 136 Ohio App.3d at 216, quoting Walker v. Walker (Aug. 5, 1987), 9th Dist. No. 12978, at *2.
 {¶ 8} We acknowledge that the trial court concluded its entry with a sentence stating "[t]his is a final appealable order." The trial court's use of those words, however, is meaningless and does not render an order final; rather, the determination of a final order is governed by the definitions outlined in R.C. 2505.02. See Pocius v. Stankus (Dec. 15, 1993), 9th Dist. *Page 4 
No. 16233, at *1. Although the trial court concluded that it was granting Comstock's motion for summary judgment and denying the Trust's motion, it does not determine the issue of damages. Therefore, the judgment entry does not provide the parties with sufficient information to understand the outcome of the case. Harkai, supra. We have previously stated that "an order determining liability but deferring the issue of damages is generally not a final appealable order." (Internal citation omitted). Spano Bros. Constr. Co., Inc. v. Adolph Johnson Son Co.Inc., 9th Dist. No. 23405, 2007-Ohio-1427, at ¶ 5.
 {¶ 9} Finally, the judgment entry does not dispose of the Trust's counterclaim and does not contain the requisite Civ. R. 54(B) language. Simply denying the Trust's summary judgment motion as to this issue does not dispose of the issue presented in the Trust's counterclaim. Accordingly, we find that the trial court's entry is not a final, appealable order, and that we are without jurisdiction to review the merits of the Trust's assigned errors.
 III. {¶ 10} The Trust's assignments of error are not addressed. This Court lacks jurisdiction over the appeal. The appeal, therefore, is dismissed. Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 5 
Costs taxed to Appellants.
 SLABY, J., CARR, P. J., CONCUR. *Page 1