DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Tenika Anderson, appeals from the judgment of the Akron Municipal Court. This Court dismisses the appeal.
 I. {¶ 2} This matter arises out of Appellee, Darnell Gooden's performance of remodeling work at Appellant, Tenika Anderson's, home. On May 12, 2008, Gooden filed a claim in the small claims division of the Akron Municipal Court against Anderson alleging non-payment for the work he performed on Anderson's bathroom. On June 13, 2008, Anderson filed a counterclaim against Gooden seeking money damages to compensate her for having to complete the bathroom remodel and to repair damages that allegedly occurred as a result of Gooden's work.
 {¶ 3} The trial court scheduled a mandatory mediation for July 26, 2008. Anderson failed to timely appear at the mediation. Accordingly, the magistrate conducted a default hearing *Page 2 
pursuant to Akron Municipal Court Rule 36. The magistrate then entered a default judgment in Gooden's favor. On July 29, 2008, the magistrate issued his decision, including findings of fact and conclusions of law. The magistrate noted that in light of Anderson's absence at the hearing, no evidence was taken on the counterclaim. On July 29, 2008, Anderson filed an objection to the magistrate's decision, stating that she was confused as to the time of the hearing and arrived after the hearing was concluded. Subsequently, on August 18, 2008, the trial court overruled Anderson's objection, adopted the magistrate's decision and issued an order in Gooden's favor. However, the trial court failed to address Anderson's counterclaim in its decision.
 {¶ 4} Anderson timely appealed from the trial court's decision. She has raised one assignment of error for our review.
 II ASSIGNMENT OF ERROR "THE MUNICIPAL COURT ERRED IN ADOPTING THE FINDINGS OF THE MAGISTRATE OF THE SMALL CLAIMS DIVISION WITHOUT RULING ON THE COUNTERCLAIM ACCORDING TO CIVIL RULE 54(B)."
 {¶ 5} In Anderson's sole assignment of error, she contends that the trial court erred in adopting the findings of the magistrate without ruling on her counterclaim. We find that we are without jurisdiction to address the merits of her contentions.
 {¶ 6} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. Accordingly, this Court has jurisdiction to review only final and appealable orders. See Harkai v. Scherba Industries, Inc.
(2000), 136 Ohio App.3d 211, 219. "For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ. R. 54(B), if applicable, must be satisfied." (Citation omitted.) *Page 3 Konstand v. Barberton, 9th Dist. No. 21651, 2003-Ohio-7187, at ¶ 4. This Court has repeatedly found, most notably in Harkai, that in order to constitute a final appealable order
 "`[t]he content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case. If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court.'" Harkai, 136 Ohio App.3d at 216, quoting Walker v. Walker (Aug. 5, 1987), 9th Dist. No. 12978, at *2.
 Civ. R. 54(B) states as follows:
 "When more than one claim for relief is presented in an action whether as a claim [or] counterclaim, *** the court may enter final judgment as to one or more but fewer than all of the claims only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)
 {¶ 7} Here, the trial court's judgment entry does not dispose of Anderson's counterclaim and does not contain the requisite Civ. R. 54(B) language. Simply overruling Anderson's objection and adopting the magistrate's decision does not dispose of the issue presented in Anderson's counterclaim. See e.g., Comstock Homes, Inc. v. Smith FamilyTrust, 9th Dist. Case No. 24312, 2008-Ohio-6433, at ¶ 9 (finding no final appealable order where trial court failed to address counterclaim in its summary judgment order); Pryor v. Walker BrothersOldsmobile-Jaguar (July 25, 2000), 2d Dist. No. 18228, at *2 (finding no final appealable order where trial court issued an order on the defendant's counterclaim but not on the plaintiffs claim).
 {¶ 8} Accordingly, we conclude that the trial court's entry is not a final appealable order, and that we are without jurisdiction to review the merits of Anderson's assigned error. *Page 4 
 III. {¶ 9} Anderson's assignment of error is not addressed. This Court lacks jurisdiction over the appeal. The appeal, therefore, is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
CARR, J. BELFANCE, J. CONCUR
 *Page 1