[Cite as *West v. Canton*, 2023-Ohio-1193.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| THOMAS WEST | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2022CA00077 |
| CITY OF CANTON, ET AL., | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDINGS:  Appeal from the Stark County Court of Common Pleas, Case No. 2021CV1042


JUDGMENT:  Reversed and Remanded

DATE OF JUDGMENT ENTRY:  April 10, 2023


APPEARANCES:


For Plaintiff-Appellant

BRETT H. HILLYER
201 N. Main Street
P.O. Box 272
Uhrichsville, Ohio 44683

For Defendant-Appellee

KEVIN R. L'HOMMEDIEU
VIVIANNE WHALEN DUFFRIN
CARRIE D'ANDREA
Canton Law Department
218 Cleveland Avenue, S.W.
Canton, Ohio 44701-4218

*Hoffman, J.*

**{¶1}** Plaintiff-appellant Thomas West appeals the May 20, 2022 Judgment Entry entered by the Stark County Court of Common Pleas, which granted summary judgment in favor of defendants-appellees City of Canton, et al. ("the City").

STATEMENT OF THE FACTS AND CASE

**{¶2}** Joyce Siedler owned the real property located at 723 14th Street NW, Canton, Stark County, Ohio ("the Property").[1]  Siedler abandoned the Property in 2016, when she moved to Canal Fulton, Ohio.  Thereafter, Siedler failed to maintain the Property and it fell into a state of disrepair.  Among the issues related to the Property were broken doors and windows, accumulating garbage, high grass, and vandalism due to squatters. The City conducted several meetings with Siedler to address the mounting violations of the City Building Code.  Appellant attended at least one of these meetings, sometime around August, 2019.

**{¶3}** Siedler failed to fix the code violations.  In addition, she failed to register the Property as required by Canton Ordinances and did not secure the Property from squatters.  The City consequently had to secure the Property.  On April 9, 2021, the City issued a Notice of Unsafe Structure/Order to Repair or Demolish ("the Notice and Order") to Siedler.  The Notice and Order advised Siedler:

> Pursuant to Part 13 of the Canton Codified Ordinances, you have the
> right to appeal this notice and order.  The appeal shall be made in writing

---

[1] Siedler is not a party to this Appeal and was not a party in the underlying matter.

within thirty (30) days from the date of this notice and must be mailed or delivered to the Chief Building Official * * *.

Please contact * * * within 10 days of the date of this notice to inform us of your plan of action to repair or demolish the structure.

April 9, 2021 Notice of Unsafe Structure/Order to Repair or Demolish.

**{¶4}** Siedler did not appeal the Notice and Order.

**{¶5}** On July 2, 2021, Appellant took title of the Property via quitclaim deed, which was recorded in the Stark County Recorder's Office on or about July 6, 2021. The City subsequently contracted with local companies to abate the asbestos, remove trees, and, ultimately, demolish the Property. Appellant attempted to persuade the City not to demolish the Property.

**{¶6}** On July 22, 2021, Appellant filed the instant action, asserting a claim for conversion and seeking declaratory judgment. Appellant filed a motion for injunctive relief on the same day. The City filed a timely answer. On August 13, 2021, the trial court issued an Agreed Judgment Entry, staying the demolition of the Property. The parties recommended discovery plan included mediation after the trial court ruled on dispositive motions. Via Judgment Entry filed September 21, 2021, the trial court referred the case to mediation, which was scheduled for April 4, 2022.

**{¶7}** The City filed a motion for summary judgment on March 15, 2022. Upon motion by the City, the trial court cancelled the mediation. Appellant filed his response to the City's motion for summary judgment on April 19, 2022. The City filed its reply on May 2, 2022.

**{¶8}** Via Judgment Entry filed May 20, 2022, the trial court granted the City's motion for summary judgment. The trial court found the City was immune from liability on Appellant's conversion claim. The trial court further found Appellant's requests for declaratory judgment and injunctive relief failed as a matter of law as Appellant lacked standing to challenge the Demolition Order as he was not the titled owner of the Property at the time said order was issued.

**{¶9}** It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT HAD NO STANDING IN WHICH TO CHALLENGE THE ADMINISTRATIVE ORDER OF THE CITY OF CANTON ORDERING THE TEAR DOWN OF HIS HOME.

II. BY ALLOWING THE CITY OF CANTON TO TEAR DOWN THE PROPERTY OF THE APPELLANT, THE TRIAL COURT IS VOIDING ANY AND ALL VALIDITY OF A QUITCLAIM DEED UNDER OHIO LAW.

III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AS THE APPELLEE FAILED TO PROVIDE ANY EVIDENCE THAT ITS AGENTS INSPECTED THE PROPERTY AFTER THE NOTICE WAS SERVED.

IV. THE TRIAL COURT ERRED IN REQUIRING COMPLIANCE WITH THE DEFECTIVE TEARDOWN ORDER THAT MIRRORS THE

LANGUAGE PREVIOUSLY EXAMINED BY THE FIFTH DISTRICT COURT OF APPEALS AND IS IN VIOLATION OF CANTON CITY ORDINANCES.

I

{¶10} In his first assignment of error, Appellant contends the trial court erred in finding he did not have standing to challenge the City's demolition order. We agree.

{¶11} Standing "is defined at its most basic as [a] *party's* right to make a legal claim or seek judicial enforcement of a duty or right." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27, quoting Black's Law Dictionary (8th Ed. 2004) 1442 (Internal quotations omitted. Emphasis added in original.) Subject-matter jurisdiction, on the other hand, is "the *courts'* statutory or constitutional power to adjudicate the case." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11 (Internal quotations and citation omitted. Emphasis added in original.) It is determined without regard to the rights of the parties involved in the case. *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19. While standing is jurisdictional in the sense a lack of standing is "certainly a fundamental flaw that would require a court to dismiss the action * * *" and would subject a decision to reversal on appeal, "a particular party's standing, or lack thereof, does not affect the subject-matter jurisdiction of the court * * *." *Id.* at ¶ 23. This is because standing implicates a court's jurisdiction over a particular case. *Id.* at ¶ 22. A court's jurisdiction over a particular case refers to the court's ability to rule on a given case which is within the court's subject-matter jurisdiction. *Pratts*, supra at ¶ 12. Determining whether a court

has jurisdiction over a particular case requires consideration of the rights of the parties. *Kuchta*, supra at ¶ 19.

**{¶12}** In its May 20, 2022 Judgment Entry, the trial court stated:

> At the time that the Demolition Order was issued in this case, West was not the titled owner of the Property. The Property was owned by Joyce Siedler. The Demolition Order in this matter was issued on April 9, 2021. Siedler was advised that the City of Canton would demolish if the needed repairs were not completed, or an appeal filed with the Board of Building Appeals within 30 days. * * * Joyce Siedler failed to make the necessary repairs and failed to file an appeal. West purchased the Property knowing that a Demolition Order had been issued.
>
> The Court finds that West lacks standing to challenge the Demolition Order issued to Joyce Siedler in this case on April 9, 2021. (Footnote omitted).
>
> May 20, 2022 Judgment Entry at p. 5, unpaginated.

**{¶13}** Appellant took title of the Property via quitclaim deed on July 2, 2021.

**{¶14}** "[A] quit-claim deed transfers only those rights which a grantor has at the time of the conveyance." *Wilhelm v. Coverstone*, 2nd Dist. Miami App. No. 2017-CA-25, 2018-Ohio-3978, 118 N.E.3d 970, ¶ 55 (Citations omitted). These rights include both adverse and beneficial equities existing at the time of conveyance. *Maher v. Cleveland*

*Union Stockyards Co.*, 55 Ohio App. 412, 9 N.E.2d 995 (1936), at paragraph five of the syllabus.

**{¶15}** Since a grantee's rights are the same as those of his grantor, we find Appellant took the Property subject to whatever rights Siedler had against the City. We find the City's argument and the trial court's decision conflates the separate, legally-distinct concepts of subject-matter jurisdiction and standing. Accordingly, we find the trial court erred in finding Appellant's lacked standing to asset his claims for declaratory judgment and injunctive relief.

**{¶16}** Appellant's first assignment of error is sustained.

IV

**{¶17}** In his fourth assignment of error, Appellant maintains the trial court erred in requiring compliance with a defective teardown order. Specifically, Appellant asserts the Demolition Order failed to advise him of the exact repairs needed to be performed to bring the Property to code; therefore, was "woefully insufficient to take a property right." Brief of Appellant at 17. In support of his position, Appellant relies on this Court's decision in *Nucklos v. Bd. of Bldg. Appeals*, 5th Dist. Stark No. 2001CA00092, 2001 WL 1606806.

**{¶18}** The appellants in *Nucklos* owned a commercial building, which had been vacant for ten (10) years. *Id.* at *1. The appellants received a letter from the Code Enforcement Supervisor for the City of Canton Building Department, advising them the subject property "must be brought up to minimum housing standards and regulation as set forth by the City of Canton, or demolition procedures will be taken." *Id.* The letter, which was sent via regular and certified mail, further informed the appellants the property

would be demolished 30 days from receipt of the letter unless the property was brought up to code. *Id.* A "Legal Notice of Demolition Order" issued on the same date. *Id.*

**{¶19}** The appellants objected to the Demolition Order. *Id.* at *2. The Board of Building Appeals conducted a hearing on the appellants' objections and subsequently voted to uphold the Demolition Order. *Id.* The appellants filed an appeal of the Board's decision to the Stark County Court of Common Pleas, which affirmed the decision of the Board. The appellants appealed the trial court's decision to this Court. *Id.* On appeal, the appellants argued the letter from the Code Enforcement Supervisor for the City of Canton Building Department and the "Legal Notice of Demolition" were insufficient to commence demolition proceedings against the appellants' building under the City of Canton's Codified Ordinances. *Id.* at *3. We agreed, finding:

> Clearly, neither the letter nor the legal notice provide appellants with a "statement of the particulars in which the building or structure is unsafe". While appellants were advised that their building failed to comply with minimum housing standards, they were never informed exactly what repairs needed to be performed to bring the building up to code. Without such a statement of the "particulars", appellants were, in essence, deprived of a reasonable time in which to repair the building. *Id.* at *4.

**{¶20}** We find *Nucklos* to be distinguishable from the instant action. Unlike the appellants in *Nucklos*, Siedler did not appeal the City's Demolition Order. Having failed to do so, any challenge to the sufficiency of said order is waived.

**{¶21}**  Appellant's fourth assignment of error is overruled.

II, III

**{¶22}**  Based upon our disposition of Appellants' first assignment of error, we find Appellant's second and third assignments of error to be premature.

**{¶23}**  The judgment of the Stark County Court of Common Pleas is reversed.


By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur