[Cite as *Effinger v. Effinger*, 2025-Ohio-1077.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CARRIE EFFINGER | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Robert G. Montgomery, J.<br>Hon. Kevin W. Popham, J. |
| -vs- | |
| JEFFREY EFFINGER | Case No. 2024CA00092 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:    Appeal from the Stark County Court of
                             Common Pleas, Case No. 20DR00603

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      March 27, 2025

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

CARRIE EFFINGER                     STEPHEN P. HANUDEL
5009 4ᵗʰ Street, N.W.               124 Middle Avenue, Suite 900
Canton, Ohio 44708                  Elyria, Ohio 44035

*Hoffman, J.*

**{¶1}** Defendant-appellant Jeffrey Effinger ("Husband") appeals the May 23, 2024 Judgment Entry entered by the Stark County Court of Common Pleas, Domestic Relations Division, which denied his Motion for Relief from Judgment and Motion to Divide the Mortgage. Plaintiff-appellee is Carrie Effinger ("Wife").[1]

STATEMENT OF THE FACTS AND CASE

**{¶2}** Husband and Wife were married on August 22, 2011. Three children were born as issue of the union. The children are still minors. Wife filed a complaint for divorce on July 13, 2020. Husband filed a timely answer and counterclaim. Both parties were represented by counsel throughout the proceedings. Pursuant to temporary orders issued August 26, 2020, the magistrate allocated possession of the marital residence to the parent exercising parenting time, and ordered the parties to equally pay the mortgage payments. In addition, Husband paid Wife $600/month as and for child support, and $800/month as and for spousal support.

**{¶3}** On November 4, 2021, the parties entered into a Separation Agreement, which addressed the allocation of all marital property, support obligations, and parenting time. The trial court conducted a final divorce hearing on November 4, 2021, and issued its Judgment Entry/Decree of Divorce, which incorporated the Separation Agreement, on the same day. Husband did not file a direct appeal from the November 4, 2021 Judgment Entry/Decree of Divorce.

**{¶4}** Husband filed a motion for relief from judgment on November 4, 2022, which the trial court dismissed due to Husband's failure to obtain service upon necessary

---

[1] Wife did not file a Brief in this matter.

parties. Husband refiled the motion on November 3, 2023.  Wife was served on February 8, 2024.

**{¶5}** In his motion for relief from judgment, Husband sought an order vacating and/or otherwise granting him relief from the trial court's November 4, 2021 Judgment Entry/Decree of Divorce. Husband asserted the Separation Agreement, as incorporated into the Divorce Decree, was not the agreement Husband believed it to be.  Husband predicated his motion on the following:

**{¶6}** During the course of the marriage, the parties owned real property located in North Canton, Ohio ("the marital residence"). The marital residence and associated mortgage were jointly titled in both Husband and Wife's names. On June 22, 2021, while the divorce action was pending, Wife filed for bankruptcy in the United States Bankruptcy Court, Northern District of Ohio, Case No. 21-60869. The bankruptcy court granted Wife an Order of Discharge on October 8, 2021. In her petition for bankruptcy, Wife listed the fair market value of the marital residence as $165,000.00, with a mortgage balance of $144,010.00.  The Stark County Auditor placed a fair market value of $173,700.00, on the marital residence. For purposes of the divorce, the parties agreed the fair market value of the marital residence was $150,000.00, with an outstanding mortgage of $120,000.00, and equity in the amount of $30,000.00.

**{¶7}** Husband's parents offered to purchase the marital residence for $150,000.00. The amount would satisfy the mortgage balance and the remainder would be divided equally between Husband and Wife as their respective equity in the marital residence. Attorney Nicholson, counsel for Husband and the elder Effingers, conferred with Attorney Haupt, counsel for Wife, and confirmed the terms of the purchase. Attorney

Nicholson instructed the elder Effingers to obtain a certified bank check in the amount of $150,000.00, made payable to Attorney Haupt and Wife, which would be delivered to Attorney Haupt as escrow pending the transfer. On November 3, 2021, Robert Effinger delivered the certified check to Attorney Haupt's office.

**{¶8}** On November 4, 2021, prior to the commencement of the final divorce hearing, the parties finalized the Separation Agreement. According to Husband, over the course of the day, "the parties discussed, edited, and reviewed multiple provisions, ultimately executing a final Separation Agreement, which was adopted by the Court." Motion for Relief from Judgment, Section C, at pp. 6-7, unpaginated. However, the final Separation Agreement executed by the parties and adopted by the trial court was silent as to the terms of the purchase of the marital residence by the elder Effingers as discussed supra. Rather, the Separation Agreement provided:

> Husband, Jeffrey Effinger, and Husband' parents, Bob and Maureen Effinger, shall pay to the Wife the sum of One Hundred Fifty Thousand Dollars ($150,000.00) for her portion of equity in the marital residence.
>
> November 4, 2021 Separation Agreement, p. 9.

**{¶9}** In his 60(B) motion, Husband asserted the Separation Agreement was "inherently different from that of the intended settlement agreement." Motion for Relief from Judgment, Section D, at p. 7, unpaginated. Husband explained, if Wife received $150,000.00, as her portion of the equity in the marital residence, the fair market value of the marital residence would be $420,000.00 (Wife's equity $150,000.00 + Husband's

equity $150,000.00 + outstanding mortgage $120,000.00), and such figure was not supported by the evidence.

**{¶10}** On May 1, 2024, Husband filed a Motion to Divide and Dispose of Mortgage of Marital Residence. Husband maintained the trial court failed to divide and dispose of the mortgage which encumbered the marital residence; therefore, the November 4, 2021 Judgment Entry/Decree of Divorce was not a final appealable order and res judicata did not apply to his motion for relief from judgment. On May 15, 2024, in accordance with the trial court's May 1, 2024 Judgment Entry, Husband filed a brief addressing the issues of the timeliness of the original 60(B) motion and the application of the savings clause, as well as the issue of the failure to divide the mortgage.

**{¶11}** Via Judgment Entry filed May 23, 2024, the trial court denied Husband's Motion for Relief from Judgment. The trial court found the original Motion for Relief from Judgment, which was filed on November 4, 2022, one year and one day after the decree of divorce, was untimely. The trial court noted Husband acknowledged he was aware of the issue with the Separation Agreement soon after the Divorce Decree was filed, but chose not to file his original 60(B) motion within a reasonable time. The trial court further found the refiled motion for relief from judgment, which was identical to the original 60(B) motion and which was filed seven (7) months after the dismissal of the original, was also not timely filed and not filed within a reasonable time. The trial court also denied Husband's Motion to Divide and Dispose of Mortgage of Marital Residence. The trial court found, "from [Husband and Wife's] testimony [at the final hearing], both parties understood that the mortgage was [Husband's] responsibility." May 23, 2024 Judgment Entry, p. 5.

**{¶12}** It is from this judgment entry Husband appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED BY REFUSING TO RECOGNIZE THE LACK OF A FINAL APPEALABLE ORDER, THEREBY ERRONEOUSLY DENYING APPELLANT'S MOTION TO DIVIDE AND DISPOSE OF MORTGAGE OF MARITAL RESIDENCE.

II. THE TRIAL COURT ERRED BY DENYING APPELLANT'S CIV. R. 60(B) MOTION.

I

**{¶13}** In his first assignment of error, Husband contends the trial court erred in failing to find the November 4, 2021 Judgment Entry/Decree of Divorce was not a final appealable order as the trial court failed to divide and dispose of the mortgage on the marital residence. We disagree.

**{¶14}** "The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts." *Baker v. Baker*, 2009-Ohio-6906, ¶ 5 (9th Dist.), citing Section 3(B)(2), Article IV of the Ohio Constitution. "Accordingly, this Court has jurisdiction to review only final and appealable orders." (Citation omitted.) *Id.* "A divorce decree, which leaves issues unresolved, is not a final order." (Citation omitted.) *Poulos v. Poulos,* 2024-Ohio-1769, ¶ 5 (9th Dist.).

**{¶15}** "For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied." *Baker*, quoting *Konstand v.*

*Barberton*, 2003–Ohio–7187, ¶ 4 (9th Dist.). To constitute a judgment or final order, "[t]he content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case. (Citation omitted.) *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 216 (9th Dist. 2000). "If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court." (Citation omitted.) *Id.*

**{¶16}** Pursuant to the terms of the Separation Agreement, Husband was awarded the marital residence. Wife was ordered to execute a quit-claim deed upon the execution of the Separation Agreement.

**{¶17}** "[A] quit-claim deed transfers only those rights which a grantor has at the time of the conveyance." (Citation omitted.) *Wilhelm v. Coverstone*, 2018-Ohio-3978, ¶ 55 (2nd Dist.). These rights include both adverse and beneficial equities existing at the time of conveyance. (Citation omitted.) *West v. Canton*, 2023-Ohio-1193, ¶ 14 (5th Dist.).

**{¶18}** At the time of the parties' divorce, title to the marital property was subject to the mortgage. When Wife executed the quit-claim deed transferring her share of the marital residence to Husband, Husband received legal title to the marital residence subject to the mortgage. We read the Divorce Decree and the Separation Agreement to have, *sub silencio*, assigned the mortgage debt to Husband. Furthermore, Wife's obligation on the mortgage was discharged by the bankruptcy court.

**{¶19}** Because the Divorce Decree and the Separation Agreement fully disposed of the parties' assets and debts, we find such constitutes a final appealable order and the trial court did not err in so finding.

**{¶20}** Husband's first assignment of error is overruled.

II

**{¶21}** In his second assignment of error, Husband challenges the trial court's denial of his Civ.R. 60(B) motion for relief from judgment.

**{¶22}** It is axiomatic Civ.R. 60(B) cannot be used as a substitute for a timely appeal. *Doe v. Trumbull Co. Children Services Board*, 28 Ohio St.3d 128, 129 (1986). "Consequently, if a Civ.R. 60(B) motion raises issues that the movant could have challenged on direct appeal, then the doctrine of res judicata prevents the movant from employing Civ.R. 60(B) as a means to set aside the court's judgment." *Sydnor v. Qualls*, 2016-Ohio-8410, ¶ 29 (4th Dist.), citing *Blasco v. Mislik*, 69 Ohio St.2d 684, 686 (1982).

**{¶23}** Having found, supra, the November 4, 2021 Judgment Entry/Decree of Divorce was a final appeal order, Husband should have filed a direct appeal to address any issues with the Separation Agreement. Rather than doing so, Husband waited one (1) year before filing his Motion for Relief from Judgment. Because the claimed deficiencies or defects in the divorce decree were matters which could have been raised and resolved on direct appeal, Civ.R. 60(B) relief is inappropriate under the doctrine of res judicata and the trial court did not abuse its discretion in denying Husband's motion for relief from judgment.

**{¶24}** Husband's second assignment of error is overruled.

**{¶25}** The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Hoffman, P. J.

Montgomery, J.

Popham, J. concur